(Decided 2nd June, 1880.)

FREDERICK J. BROWN, Receiver *vs.* HENRY R. HAZLE-HURST.

*General rule as to a Receiver— When disbursements made by a Receiver without order of Court, will be allowed by the Court.*

While, as a general rule, a receiver will not be permitted to lay out more than a small sum at his own discretion, in the preservation or improvement of the property under his charge, but should, in all cases where it is practicable, or the circumstances of the case will permit, before involving the estate in expense, apply to the Court for authority for so doing, this general rule should not be so rigidly enforced as to work wrong and injustice, where the receiver has acted in good faith, and under such circumstances as will enable the Court to see that if previous authority had been applied for, it would have been granted.

The appellant was appointed receiver by the Court under an agreement of the parties, and by the agreement and order he was alone to have charge of the property specified. The order making the appointment was without special directions as to powers and duties; it simply gave the receiver the exclusive charge of the property. At the time the receiver took possession, he found certain hotel property under an insurance in several offices, to an aggregate amount of $25,000, which had been placed upon the property by the appellee. This insurance was continued in good faith by the receiver. On objection by the appellee to the allow-

Brown *vs.* Hazlehurst.

ance to the receiver of the premiums paid by him on said insurance, on the ground that they were paid without the previous order of the Court, it was HELD:

1st. That if application had been made to the Court by the receiver for authority to continue the insurance on the property, it would have been given.

2nd. That while it would have been proper and more regular for the receiver to have applied for authority to insure the property, his act in continuing the existing policies should be adopted by the Court, upon the principle that where an officer of the Court has exercised a power which, if previously applied for, would, without doubt, have been granted, a Court of equity will, in the absence of proof showing the inexpediency and injustice of so doing, ratify and adopt the act done as if it had been previously authorized.

APPEAL from the Circuit Court for Howard County, in Equity.

The appellee exchanged certain property in Howard County, with John and Henry McShane, for certain leasehold property in Baltimore City, consisting of six houses, variously located, and Buck's hotel, on Pratt street. The hotel was taken at a valuation of $25,000.00, and the appellee immediately effected insurances upon it to that amount. Soon after he became convinced that he had been imposed upon by misrepresentations as to the value of the hotel; he thereupon filed his bill of complaint in the Circuit Court for Howard County, in equity, wherein he charged that he had been grossly deceived and defrauded, and asked a rescission of the exchange, and the appointment of a receiver to take charge of the property pending suit. By consent, the appellant was appointed such receiver, to take charge of the Baltimore property.

In pursuance of the order appointing him, the receiver filed his bond and undertook the management of the property. The receivership lasted for nearly two years and a half, the case having been taken to the Court of Appeals where it was twice argued. (*Vide McShane vs. Hazlehurst*, 50 *Md.*, 107.) Very soon after the decision

in the Court of Appeals, by which the property was adjudged to belong to the appellee, the receiver filed his report and account which were referred to the auditor of the Court, who stated an account in which among other disbursements, he allowed the receiver for certain premiums paid by him for the insurance of the hotel. To the allowance of this item of expenditure, the appellee excepted, and the Court (HAMMOND, J.,) by its order of the 18th of March, 1879, sustained the exception. The receiver appealed from this order.

The cause was argued before BARTOL, C. J., ALVEY, ROBINSON and IRVING, J.

*Frederick J. Brown* and *T. B. Mackall,* for the appellant.

*James Mackubin,* for the appellee.

ALVEY, J., delivered the opinion of the Court.

There is no doubt of the general rule, and it is a wholesome one, that a receiver will not be permitted to lay out more than a small sum at his own discretion, in the preservation or improvement of the property under his charge; but he should, in all cases where it is practicable, or the circumstances of the case will permit, before involving the estate in expense, apply to the Court for authority for so doing. But this general rule, however salutary it may be, should not be so rigidly and sternly enforced as to work wrong and injustice, where the receiver has acted in good faith, and under such circumstances as will enable the Court to see that if previous authority had been applied for, it would have been granted. The justice and right of the matter must depend, to a great extent, upon the special circumstances of each case that may be presented.

In the case of *Blunt vs. Clitherow,* 6 *Ves.,* 799, the receiver applied to be allowed some £461, as money expended in

repair of the dwelling-house on the estate, and the claim being resisted upon the ground that the expenditure had not been sanctioned by the Court, the Master of the Rolls, Sir Wm. Grant, directed an inquiry into the circumstances of the expenditure, and whether the same was for the benefit of the estate; and it afterwards appearing that the expenditure was made by the direction of the trustees, the claim was allowed without further objection or inquiry. So in the case of the *Attorney-General vs. Vigor*, 11 *Ves.*, 563, upon motion that the receiver should be allowed for necessary repairs that had been done, Lord Eldon directed an inquiry, whether the repairs were *reasonable;* at the same time observing that the Court was not in the habit of permitting receivers and committees to apply the trust funds in repair *to any considerable extent*, without a previous application. And again, in the case of *Tempest vs. Ord*, 2 *Merr.*, 55, upon application for a restraining order upon a receiver against paying out funds for the erection of buildings upon the premises, without the previous direction of the Court, Lord Eldon said, that formerly, the Court never permitted a receiver to lay out money without a previous order of the Court; but now, where the receiver had laid out money without such previous order, it was usual to refer it to the Master to see if the transaction was beneficial to the parties; and, if found to be so, the receiver was allowed the money so laid out; and accordingly an order was made referring the matter to the Master to consider and state to the Court, whether the buildings then being erected were fit and necessary, and for the benefit of the several parties interested in the premises.

It then appears that the right of the receiver to have allowance for his expenditure on account of the estate, does not always depend upon his having obtained the previous order of the Court; but it may depend upon the circumstances and requirements of the estate.

In this case the receiver was appointed by the Court under an agreement of the parties, and by the agreement and order he was alone to have charge of the property specified. His appointment determined no right, nor did it affect the title of the property in any way; the legal title was in the complainant in the cause, Mr. Hazlehurst, subject to the ultimate judgment of the Court; and the appointment of the receiver was for and on behalf of all the parties concerned, and not of the complainant, or of the defendants, only. The order making the appointment was without special directions as to powers and duties; it simply placed him in the exclusive charge of the property. The property consisted of a large hotel and several stores thereunder in the City of Baltimore. At the time the receiver took possession, he found the hotel property under an insurance in several offices to an aggregate amount of $25,000. This insurance had been placed upon the property by Mr. Hazlehurst, the party now objecting to the allowance to the receiver of the premiums paid for renewals or keeping alive these policies on the property. The ground of objection is, that a previous order ought to have been obtained before the renewal premiums were paid by the receiver. In other words, that the premiums were paid by the receiver without authority, and therefore he has no right to claim re-imbursement, under the circumstances of the case. To this, under the circumstances, we do not agree. There is not the least pretence that there was any want of good faith on the part of the receiver in continuing the insurance on the hotel property. On the contrary, it is conceded by the learned Judge below, and not controverted by counsel, that the nature of the property, and the fact that it was not occupied, rendered it proper that it should be insured. In this, we suppose, every one will agree. It is therefore safe to assume that if application had been made to the Court for authority to continue the insurance

on the property, it would have been given. In keeping the policies alive, the receiver was only keeping the property in the condition that he found it. The very object and purpose of his office was to preserve and protect the property for the party who should ultimately be declared to be the owner of it; and the continuing the insurance was but a safe and usual means to the end to be accomplished. It was not for the one party or the other to object to the insurance; the Court having assumed control and jurisdiction over the property, would have directed what was proper and reasonable for its protection; and while it would have been proper and more regular for the receiver to have applied for authority to insure, we think his act in continuing the existing policies should be adopted by the Court, upon the principle, that where a trustee or other officer of the Court has exercised a power which, if previously applied for, would, without doubt, have been granted, a Court of equity will, in the absence of proof, showing the inexpediency and injustice of so doing, ratify and adopt the act done, as if it had been previously authorized. *Tyson vs. Mickle,* 2 *Gill,* 376. The adoption or rejection of the act must depend not on the events subsequently occurring, or the final result of the suit, but on the state of things existing and apparent at the time of the act done. The amount of the premiums paid was only $187.50, and it is shown in proof that it has been customary, though certainly not strictly justified upon principle, for receivers to insure property under their charge without special orders of the Court, and to have their expenditures allowed. Under the circumstances of this case, we think the receiver should be allowed the amount of the premiums paid by him, and we shall therefore reverse the order appealed from and remand the cause.

*Order reversed, and cause remanded.*

(Decided 2nd June, 1880.)

ROBINSON, J., filed the following dissenting opinion:

The appellant was appointed receiver, *pendente lite*, of certain leasehold property, consisting in part of "Buck's Hotel," situated at the corner of Pratt Street and Market Space in Baltimore City.

Without the direction of the Court or the consent of the parties in interest, the appellant insured the hotel property for $25,000, and the question on this appeal is whether he should be allowed in the account of his receivership, the premiums paid by him on the policies of insurance.

The bill under which the appellant was appointed, prayed for the appointment of a receiver to collect and receive the rents pending the litigation, and the order of the Court by which he was appointed directed that he should have charge of the property. The language of the order is broad enough to embrace all the powers usually belonging to the office of receiver, but I cannot agree that it confers the extraordinary powers to make repairs and insure the property as explicitly as if special directions to that effect had been inserted.

According to my construction it conferred upon the appellant the *usual and ordinary powers of a receiver.* The question then is what are such powers? All agree that he is but the officer of the Court, or, as he is sometimes styled, the hand of the Court, his possession being nothing more nor less than the possession of the Court, and yet it is obvious that it is an office of trust and confidence, necessarily involving to some extent the exercise of discretionary powers. But all the authorities agree that this discretion is one of the most limited character, and that he ought from time to time to apply to the Court for authority to do such acts as may be beneficial to the estate. Strictly speaking, according to the earlier English practice, he had no right to bring or defend actions, or to let the estate or to lay out any money for any purpose, unless by special leave of the Court. 2 *Story's Eq. Jur.*, sec. 833 ; *Jeremy's Eq. Juris.*, *B. I, ch. 7, sec.* 1.

And in *Swaby vs. Dickon,* 5 *Sim.,* 629, where the receiver had without authority of the Court defended an action growing out of a distress made by him upon the tenant of the estate, the Court refused to allow him his costs of the action.

A more liberal practice now prevails, and where it. satisfactorily appears that the receiver has acted in good faith, and without prejudice to the interest of the parties, Courts are disposed to ratify the exercise of a reasonable discretion. It is always safer and the proper practice to apply to the Court for directions in regard to the expenditure of money ; because he has no right to involve the estate in expense without the sanction of the Court. I have not been able after a careful examination to find a case in which the power of a receiver to insure property without the direction of the Court has been recognized, and yet I do not mean to say, that in no case should the premium paid by him for insurance be allowed. I am constrained, however, to say, that under the circumstances of this case, the premium paid by the appellant was properly disallowed by the Court.

In the bill under which the appellant was appointed, the complainant charges that the defendants, the McShanes, represented this hotel as being valuable property, under a lease to a responsible tenant for five years at a yearly rental of five thousand dollars, and that upon the faith of such representations the exchange of properties was made. That subsequently he discovered that the hotel property was without any rental value whatever; that it was burdened with yearly ground rents amounting to *twenty-five hundred dollars;* and without setting out all the allegations in the bill, it is sufficient to say, the complainant substantially charged that the property was without any actual or marketable value.

These averments, it is true, are denied by the defendants, but the appellant had notice that the complainant

then in possession, and to whom it was ultimately decreed the property belonged, had under oath alleged that it was without any value.

In addition to this, it appears that the appellant was unable to rent it, and never received one dollar rental from the hotel property during his receivership. In view of these facts whatever may have been the judgment of the appellant in the premises, it was plainly his duty to have applied to the Court for authority before subjecting the estate to the expenses of insurance on policies amounting to $25,000.

In reply to this it was said, he found the property insured at the time of his appointment, and he did nothing more than renew the policies. But this insurance was effected by the complainant, immediately upon the exchange of the properties and at a time when relying upon the representations of the defendants he estimated its value at $25,000. So soon, however, as he found out that the property was in fact without any value whatever, he filed a bill to set aside the exchange on the ground of fraud, and this bill was pending, when the appellant renewed the policies.

Now although I am satisfied that the receiver in this case acted in good faith, yet it would be a wide departure from the well settled practice limiting and defining the powers of receivers, to allow, under such circumstances, the appellant to burden the estate with the costs of insurances amounting to $25,000, when the very bill under which he was appointed alleged that the property was without any value.

To say the least, it was the duty of the receiver to have applied to the Court for the authority to insure, before subjecting the parties in interest to such costs. For these reasons I dissent from the opinion of the majority of the Court.