## PATRICK H. HEFFRON
## v.
## HENRY J. MILLIGAN.

*Receivers—Expenditures—Allowance of.*

1.  A receiver will not generally be allowed to incur liabilities for repairs against the estate in his hands, or be credited with any outlay therefor, which are not made by leave of court first applied for and obtained.

2.  In cases where it is shown that expenditures for repairs made without permission are very small, or that the receiver acted in good faith and

for the best interests of the property intrusted to him, or that it was neces-
sary to act immediately in order to prevent damage, such action may be
approved by the court.

3. The only terms on which a liability incurred for repairs should be
allowed against such an estate, is on proof that the amount claimed is the
lowest market price at which the work could be done.

4. One dealing with a receiver, who is attempting to charge such property,
is bound to see that he has authority to do so.

5. Upon an appeal from an order directing the payment to a third per-
son of a sum named for work done upon a hotel, at the order of the receiver
thereof, this court holds that the allowance for work done before a certain
date, without order of court, was erroneous, and that the evidence does not
justify the making of such repairs without such order.

[Opinion filed March 13, 1891.]

APPEAL from the Superior Court of Cook County; the
Hon. EGBERT JAMIESON, Judge, presiding.

Messrs. OSBORNE BROS. & BURGETT, for appellant.

Mr. C. H. REMY, for appellee.

MORAN, P. J.   This appeal brings up for review an order
directing the payment to appellee of the sum of $4,823.33, for
work done on Gore's Hotel under the employment and direc-
tion of James H. Rice, who was receiver of said hotel prop-
erty in a litigation pending in the court between Gore and
Heffron.   Heffron objected to the allowance of appellee's
claim, and the same was referred to the master to take proofs
and report the same to the court.

The master took proofs, and reported findings as follows:
That about June 13, 1889, James H. Rice, receiver in this
cause, employed said Milligan to do certain work and furnish
certain material in making repairs on the hotel building;
that Milligan did the work of repairing said building, and
did work and furnished materials in said repairs from that
time to July 16, 1889, amounting to $1,256.24; that an order
was entered herein on July 16, 1889, by which said Rice was
granted leave to make repairs upon said building not to exceed
$5,000; that Milligan went on with repairs and completed
said repairs about November 18, 1889; that the work done

and materials furnished by Milligan after the entry of such order amounted to $3,567.09; that said repairs were necessary and proper, and for the lasting benefit and improvement of the estate; that Milligan claims $4,823.33 for the work done and materials furnished in and about said repairs; that said work done and materials furnished by Milligan as aforesaid are reasonably worth said sum, and the master recommends an order directing the receiver to pay said sum to Milligan.

Appellant filed objections to said report, which were overruled by the master and were filed in the court as exceptions, and were, on a hearing, overruled by the court, and the entire claim ordered paid. The amount allowed for work done after July 16, 1889, was for repairs made under the authority of an order of court, and as to such repairs, the only question before the master was, whether the proof showed that the particular work charged for as being done, after said date, was in fact performed, and was reasonably worth the amount charged for it.

It is not questioned by appellant that the work charged for as performed after the order of court was obtained, was in fact done, and we are of opinion that there was no exception under which appellant can question the finding of the master, that said work and materials were reasonably worth the sum charged for them. So much of the order, therefore, as allows the payment for said work done after July 16, 1889, must stand.

Appellant has, however, full and direct exceptions to the allowance of any sum whatever to Milligan for work done or materials furnished by him prior to July 16th, based on the objection that before said date there was no order of the court authorizing the receiver to make repairs, and that there is no proof in the record which warrants the allowance for repairs made under such circumstances.

The general rule is well settled, that a receiver will not be allowed to incur liabilities for repairs against the estate in his hands, or be credited with any outlays therefor which are not made by leave of court first applied for and obtained.

The exception to the rule is, that his action may be approved by the court where repairs are made without permission if the sum expended or incurred is very small, or if it be shown that he acted in good faith and for the best interests of the property intrusted to him, or that it was necessary to act immediately, in order to prevent damage. Beach on Receivers, Sec. 282; High on Receivers, Sec. 798.

This rule is recognized and applied in its utmost strictness in this State, as shown by Hooper v. Winston, 24 Ill. 353.

As illustration of what the courts consider necessary protection of property, see Brown v. Hazelhurst, 54 Md. 26, where the contest was over the payment, without previous direction, of a premium for insurance on the property.

In this case the master has found the repairs were necessary and of lasting benefit to the estate. An examination of the evidence discloses that the repairs were not necessary to the preservation of the property. They were desirable repairs, of a character to probably make the property more remunerative, but not necessary in the sense that the property would be injured unless they were made.

But the main obstacle to allowing for this portion of the work is the lack of proper evidence that the items of work and material charged for were furnished, or that the prices charged were fair and reasonable; and the exception to the master's report raises this question as to this part of the bill, while it does not as to the other. Appellee produced a bill before the master taken from his books by his bookkeeper. He was unable to testify that the items charged for material were correct, and no other witness was called to testify to the bill. The foreman swears as to the time of the men, and it may be said that a number of hours' work were proved, but no evidence was given as to the reasonableness of price charged per hour.

The manner in which the receiver permitted the work to be done and carried on, was imprudent and reckless to the last degree. Appellee was told by the receiver to look through the hotel and see what repairs were needed, and put it in proper shape. There were no directions, no instructions,

Heffron v. Milligan.

except to see what repairs were needed, and go ahead and do the work.

The receiver did not go over the hotel with appellee. The hotel had eight floors and 240 rooms, and after appellee looked it over he declined to give an estimate as to the cost of the work, but proposed to do a portion of the upper floor and average the work, and when that was done appellee told the receiver that the work would cost between $4,500 and $5,000. This was not the course that a careful and prudent business man would pursue in having such work done for himself. It will not do to allow receivers to charge the estates in their hands without authority of the court and by such a loose and generous method as was here pursued with appellee. It is said that it was difficult to obtain estimates on such work. It does not appear that the attempt to obtain bids was made. We think it very improbable that contractors would refuse to compete for such work if it was properly authorized, and duly brought to the attention of persons engaged in the business of doing such work. The only terms on which a liability incurred as this was should be allowed against an estate, is on proof that the amount claimed is the lowest market price at which the work could be done. Appellee knew that he was dealing with a trustee who was attempting to charge the property of others, and was bound to see that such trustee had authority. He was bound to know that if the receiver had applied for authority, no court would have given him power to authorize a workman to go forward and make such extensive repairs and improvements on his own judgment and discretion. Such a method is *ex parte* in the most dangerous and objectionable sense.

The proof has not been made that justified the allowance of this portion of the claim, either in favor of the receiver or the appellee. No exigency existed which justified proceeding with the work without authority. We see that no authority would have been given to proceed as was here done. Evidence of the justice and fairness of the claim is lacking. We are not disposed to relax the salutary rule that has been so often announced with reference to such unauthorized expend-

itures by receivers or trustees, and we have not the right to do so if we were so disposed. We can not deal generously and accommodatingly with property in the hands of the court. In order to prevent lax administration, the temptation to which is so great, the rules which limit the discretion of officers of the court, the wisdom and propriety of which receive frequent demonstration but seldom more pointed illustration than in this case, must be rigidly enforced.

We are compelled, therefore, to the conclusion that the claim of appellee for work alleged to be done and materials furnished prior to July 16, 1889, was improperly allowed against the objection of appellant. The order of the Superior Court will therefore stand affirmed as to the sum of $3,567.09, and will be reversed as to the allowance of said sum of $1,256.24.

*Affirmed in part and reversed in part.*