[L. A. No. 1048.   Department Two.—October 18, 1902.]

## L. ROCHAT, Respondent, v. C. C. GEE, Appellant; E. SOMMER, Receiver, Respondent.

ACTION TO DISSOLVE PARTNERSHIP—RECEIVER—FINAL ACCOUNT—EVIDENCE—ATTACHMENT—IMMATERIAL RULING.—Upon the hearing of the final account of a receiver appointed at the commencement of an action to dissolve a partnership, a ruling upon objection to the evidence of a receiver that certain property was attached by creditors of the partnership, that it was not the best evidence of that fact, is immaterial where the court held the receiver responsible for the property involved, and charged him with it in settling his account.

ID.—APPOINTMENT OF RECEIVER TO CARRY ON BUSINESS.—Usually a court will not appoint a receiver to carry on a business permanently; but it is not unusual or erroneous to authorize him to do so temporarily, when the interests of the parties require it.

ID.—COMPLETION OF CONTRACT—ALLOWANCE OF EXPENSES.—Where the order appointing the receiver, in broad terms, authorized him "to manage, control, and dispose of" all the property of the partnership, and, when he entered upon his duties, he did, with the consent and for the interest of both partners, carry out to completion a special contract to furnish a certain amount of lumber made by

the partners, and where his action in so doing was approved by the court, the receiver was properly allowed in his final account the expenses incurred while so temporarily carrying on the business.

ID. — PAYMENT OF DEBTS — ALLOWANCE TO RECEIVER — SANCTION BY COURT.—The receiver was properly credited with money paid to satisfy creditors of the partnership, which was necessary in order to enable him to carry out the contract to completion. Ordinarily, a receiver should not pay debts without a previous direction of the court; but this general rule is not inexorable, and in a proper case such action of the receiver may be sanctioned by the court, by a subsequent approval.

ID.—ORDER TO SURRENDER PROPERTY—PURCHASE FROM RECEIVER—NON-PAYMENT—ABANDONMENT OF BUSINESS AND PROPERTY.—There was no necessity for an order to the receiver to surrender property to the partners upon settlement of his final account, where it appears that all the land and property was originally purchased by the partnership from the receiver, and that the partners never paid any part of the deferred purchase money, and that after the receiver had paid all the debts and completed the contract the parties to the action took no further interest in the property, the action having been dismissed, and that no claim for any settlement with the receiver was demanded for nearly ten years.

ID.—ORDER SETTLING RECEIVER'S ACCOUNT—FINDINGS.—Findings are not necessary to be made upon an order settling the account of a receiver.

APPEAL from an order of the Superior Court of San Bernardino County settling the final account of a receiver. John L. Campbell, Judge.

The facts are stated in the opinion of the court.

Charles R. Gray, for Appellant.

H. C. Rolfe, for L. Rochat, Respondent.

Hight & Swing, and Otis & Gregg, for Receiver, Respondent.

McFARLAND, J.—This action was for the dissolution of a partnership existing between plaintiff and defendant; and at the commencement of the action F. Sommer was appointed receiver. The present appeal is by defendant from an order settling the final account of the receiver.

The record shows only one exception to rulings of the court at the hearing of the final account. That exception was to

the overruling of defendant's objection to a statement of the receiver when on the witness-stand, that some of the creditors of the partnership had attached certain horses, oxen, and wagons,—the objection being that it was incompetent and not the best evidence of the fact. The ruling, however, was immaterial, because the court held the receiver responsible for the property involved and charged him with it in settling the account. There are also some specifications of the insufficiency of the evidence to justify the decision; and although it is not clear that the record contains all the evidence,—for which respondent is, perhaps, chargeable,—still sufficient evidence does appear to justify the decision.

Counsel for appellant in his briefs makes some general objections to the order appealed from, and presents certain general grievances alleged to have been suffered by his client, but—assuming that the points discussed can be reviewed on the record in the case—we cannot see that these objections warrant a reversal. The principal points thus made are,—1. That the receiver, without authority, carried on the business of the partnership for a time, and should not have been allowed expenses thus incurred; 2. That, without authority, he paid certain debts of the partnership, and should not have been credited with their payment; and 3. That the order appealed from should have directed the receiver to turn over what property he had to the partners.

The plaintiff and defendant, as partners, were carrying on a saw-milling business in the mountains of San Bernardino County, using land, mill, machinery, oxen, and other personal property owned by the same F. Sommer who was afterwards appointed receiver, under a written contract executed June 20, 1887, to purchase all of said property from said Sommer. About a year after the beginning of the partnership,—to wit, on June 27, 1888,—Rochat, one of the partners, commenced this action against the defendant Gee for a dissolution of the partnership, and procured the appointment of the receiver. The partnership was at that time apparently in failing circumstances. In November, 1889, the respondent made and filed his report and account of his proceedings as receiver, which account was settled, approved, and allowed by the court, and from the order settling it defendant appealed to this court, but the appeal was dismissed on the ground that no

appeal would lie until the final account. (*Rochat v. Gee*, 91 Cal. 355.) This first account was considered in disposing of the final account. The order appointing the receiver was very full and broad, authorizing him, among other things, to "manage, control, and dispose of" all the property of the partnership. At the time the receiver entered upon his duties the partners were engaged in carrying out a contract to furnish the West Coast Lumber Company a certain amount of lumber; and the receiver, who was an experienced man in the mill and lumber business, carried on the manufacture of lumber at the mill until the said contract was completed, which took about one month. After that he did not attempt to further carry on the business. He completed that contract at the request of both plaintiff and defendant. His actions in the premises were clearly for the benefit of the partners, and they were approved by the court. In this we see no error or ground for reversal. Usually a court will not appoint a receiver to permanently carry on a business; but it is not unusual or erroneous to authorize him to temporarily do so when the interests of the parties require it.

Neither do we think that the court erred in crediting the receiver with the amount of the debts of the partnership which he paid. When he took possession a number of the creditors of the concern were pressing the payment of their debts and threatened attachment suits, and the contract with the West Coast Lumber Company could not have been completed without settling with these creditors. Plaintiff furnished the receiver from the books of the partnership a correct list of the debts, and requested him to pay them; and, as the receiver testified, the defendant knew that the receiver was paying these debts and made no objection. We think that the court was right in allowing credit for the amount of these debts. Ordinarily, of course, a receiver should not pay debts without a previous direction of the court; but assuming that the order appointing the receiver in the case at bar was not broad enough to cover the action in question, still the general rule is not inexorable; and in a proper case such an act of a receiver may be sanctioned by the court, either by a previous order or by a subsequent approval. (*In re Moore*, 88 Cal. 3; *Thompson v. Phoenix Ins. Co.*, 136 U. S. 287; *Brown v. Hazlehurst*, 54 Md. 26.)

As to the contention that the order should have directed the receiver to turn over the property to the partners, these facts are to be considered: A little over a year after the filing of the complaint the plaintiff filed in the clerk's office a written abandonment of the action, and in October, 1891, there was an order dismissing it. After the completion by the receiver of the contract with the West Coast Lumber Company in 1888, nothing more was ever done by any one towards carrying on the business. The personal property had been disposed of, some of it having been used by the receiver in carrying on the business for the month above mentioned, and some of it having been allowed by him to be taken by creditors, for which he was charged by the court in settling his account. The mill became dilapidated. The parties to the action did not seem to take any further interest in the business and property; for nearly ten years no request was made of the receiver to do anything in the premises, or even to make any report; and the receiver considered, and no doubt had reason to consider, that the whole matter had been abandoned by the parties. This had been the condition for nearly ten years, when the defendant made the demand for the account which gave rise to this litigation. Under these circumstances there was no property to be ordered into the possession of the partners. There was no property which had been used by the partners except a tract of 360 acres of mountain land, which was the property of Sommer. The contract to purchase this land and the personal property from Sommer had been made in June, 1887, and all the purchase money, amounting to over six thousand dollars, was to have been paid by the 1st of January, 1888; the purchasers were to be given possession, which, however, was to cease upon default of any payment, and upon such default Sommer was to take possession, and the contract to be at an end and void, and it was expressly provided that "time is made the essence of this contract." The purchasers —plaintiff and defendant—never paid any part of the deferred purchase money. Under these circumstances we do not think that the court below committed an error with respect to the matter of ordering property into possession of the partners.

The contention that the court should have made findings— that is, formal findings separate from an order approving or

disapproving items of the account—is not maintainable; in settling an account such findings are not necessary. (*In re Levinson,* 108 Cal. 455.) In this respect the settling of the account of the receiver is the same as the settling of the account of an executor or administrator.

There are no other points that call for special notice.

The order appealed from is affirmed.

Temple, J., and Henshaw, J., concurred.