[Civ. Nos. 22766, 22871. Second Dist., Div. Two. Mar. 17, 1958.]

EDMUND G. BROWN, as Attorney General, Plaintiff and Respondent, v. MEMORIAL NATIONAL HOME FOUNDATION (a Nonprofit Corporation) et al., Appellants; AMERICAN GOLD STAR MOTHERS, INC. (a Nonprofit Corporation), Defendant and Respondent; R. E. ALLEN et al., as Receivers and Respondents.

[Two Cases.]

Trent G. Anderson, Jr., Wright, Wright, Goldwater &
Wright, Loyd Wright, Richard M. Goldwater, Dudley K.
Wright, Edgar R. Carver, Jr., and George W. Trammell for
Appellants.

Edmund G. Brown, Attorney General, and George M. Goffin, Deputy Attorney General, for Plaintiff and Respondent.

Wise, Kilpatrick & Pulley, George E. Wise and Robert J. Kilpatrick for Defendants and Respondents.

Loeb & Loeb and Herman F. Selvin for Receivers and Respondents.

HERNDON, J.—There are pending before this court motions to dismiss two appeals which arise out of the same action: (1) An appeal taken by defendants Memorial National Home Foundation, hereinafter referred to as "Memorial," and Eleanor D. Boyd from a judgment entered on December 10, 1956, and denominated "Interlocutory Judgment" (No. 22766); and (2) an appeal taken by Memorial from certain orders, hereinafter more definitely identified, approving the first account current of the receivers (appointed by provisions of the above-mentioned judgment), fixing the compensation of the receivers and authorizing its payment out of the receivership estate. (No. 22871.)

Our treatment of these motions to dismiss will be made more easily understandable, we trust, by first presenting a very brief general description of the underlying controversy as set forth in appellants' opening brief, the only brief upon the merits thus far filed:

"This action was brought by the Attorney General of the State of California for the purpose of resolving a dispute between two private corporations, American Gold Star Mothers, Inc., and Memorial National Home Foundation, over the charitable trusts managed and controlled by Memorial National Home Foundation. The attorney general of the State of California did not take sides in the dispute either by way of the pleadings or at the trial, but rather left it up to the court to determine the merits of the dispute between appellants and American Gold Star Mothers, Inc.

"The dispute between American Gold Star Mothers, Inc. and appellant was over two matters—the first being who was entitled to control Memorial National Home Foundation, and the second being who were the beneficiaries of Memorial National Home Foundation. American Gold Star Mothers, Inc., maintained that the funds and properties held by Memorial National Home Foundation were held for the benefit of its members. Memorial National Home Foundation and Eleanor D. Boyd, its President, maintained that all but a small

percentage of the funds and properties under its control were held for the benefit of all Gold Star parents without regard to membership in any organization.''

It appears that these complicated matters involve trust assets valued at several millions of dollars and thousands of actual or potential beneficiaries of the charitable trusts. An examination of the record immediately suggests the desirability of accomplishing a final adjudication as promptly as orderly processes of law will permit.

THE APPEAL FROM THE JUDGMENT (No. 22766)

 As above noted, the judgment appealed from was entered on December 10, 1956, and was denominated ''Interlocutory Judgment.'' Contending that the judgment is interlocutory in fact as well as by denomination, respondents attorney general and American Gold Star Mothers, Inc., move to dismiss.

This judgment, based upon detailed findings of fact and conclusions of law, was rendered after a lengthy nonjury trial. The substance of each major provision of the judgment is indicated by the following summary statement of its effect:

(1) Decrees that the attorney general is a proper and necessary party to safeguard the public interest and to prevent the loss and misuse of the assets of a charitable and benevolent trust;

(2) Declares that Memorial is a nonprofit corporation organized for charitable purposes and that the property in its possession is held in trust for the charitable uses and purposes set forth in its original articles of incorporation;

(3) Declares that all funds and properties held or owned by Memorial, other than a certain housing project, are held in trust for members of American Gold Star Mothers, Inc., and that said housing project and its income are held in trust for members of American Gold Star Mothers, Inc., but limited to parents of World War II servicemen;

(4) Removes Memorial as trustee of all assets in its possession and under its control and declares that the court will appoint a successor trustee or trustees to carry out the purposes of the trust as decreed;

(5) Appoints Allen and Lyon as receivers to take possession of all the assets, books, records and papers of Memorial and directs Memorial, its officers, directors, etc., to deliver to said receivers all said assets, books, records and papers;

(6) Restrains Memorial and its officers and directors from using any of the assets except for limited and specified purposes;

(7) Requires Memorial to render an accounting of all assets in its possession or under its control and of all income, disbursements, etc.;

(8) Again decrees "that this court appoint a new trustee, or trustees, to carry out the provisions of the trusts. . . ."; (Note: the judgment does not presently appoint a new trustee, that action being left for a future contemplated order.)

(9) Decrees "that this court from time to time make such other and further orders as are competent, lawful and proper, for a complete determination of this action."

We have concluded that the provisions of the judgment as above summarized give it the character of a *final* judgment within the meaning of subsection 1 of section 963 of the Code of Civil Procedure and, additionally, that the provision of the judgment appointing a receiver is specifically appealable under subsection 2 of the same section.

■ It is well settled, of course, that the denomination of a judgment as "interlocutory" is by no means determinative of its finality for purposes of appeal. It is the substance and effect of the judgment which determines its finality. (*Lyon* v. *Goss,* 19 Cal.2d 659, 669-670 [123 P.2d 11] ; *In re Los Angeles County Pioneer Society,* 40 Cal.2d 852, 857-858 [257 P.2d 1].)

■ As stated in *Lyon* v. *Goss, supra,* 19 Cal.2d at pages 669 and 670 : "A decree in equity which is denominated 'interlocutory' and directs a further hearing for certain purposes, may make so complete and final an adjudication of all issues of fact and law as to constitute a 'final judgment' within the meaning of that term as used in the statutes concerning appeals. The problem of determining whether a particular decree is essentially interlocutory and nonappealable, or whether it is final and appealable is often a difficult one."

■ *Lyon* v. *Goss, supra,* at page 670, provides us with a *general* test as follows: "As a general test, which must be adapted to the particular circumstances of the individual case, it may be said that where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory."

In *Zappettini* v. *Buckles,* 167 Cal. 27 [138 P. 696], the Supreme Court was called upon to determine whether the judgment there involved was final and appealable or interlocutory and nonappealable. This decision is very helpful because in that case further judicial action remained to be taken (after entry of the judgment there appealed from) generally quite similar in character to the judicial action which remains to be taken in the instant case. In that case the action was brought by one partner against another for dissolution of the partnership, an accounting and distribution of the assets after payment of debts. A receiver appointed by interim order took possession of all the assets. Thereafter, judgment was entered determining the rights of the partners as between themselves and ordering: (a) dissolution of the partnership, (b) sale of its assets by the receiver, (c) payment of its debts, and (d) distribution of any balance to the partners in the proportions determined by the judgment. In holding that the judgment was final and appealable the Supreme Court commented (167 Cal., at page 32): ''There remains only the question whether the judgment appealed from is a 'final judgment' within the meaning of those words in our statutes on appeal. Notwithstanding the deferring of the fixing of the compensation of the receiver and of the referee, and the reservation of the determination of the question of the debts of the firm to others, the judgment fully and finally determined all the rights of the parties as between themselves.''

And at page 33, the court, after enunciating the same general rule as that given in *Lyon* v. *Goss, supra,* stated the following guiding principles which we regard as being directly applicable to the instant case: ''Mr. Freeman in his work on Judgments says that if, after a decree has been entered, no further questions can come before the court except such as are necessary to be determined in carrying the decree into effect, the decree is final. (§ 22.) In section 24 he says that, although other proceedings before the master are necessary to carry the decree into effect, yet, if all consequential directions depending upon the result of the proceedings are given in the decree, it is final. He further says that it is none the less final because some future orders of court may be necessary to be carried into effect, nor because some independent branch of the case is reserved for future consideration, *nor because an account is directed to ascertain what sum is due from one to the other as the result of the decision.''* (Emphasis added.)

With the foregoing basic principles in mind, we

readily conclude that the judgment here under consideration is final because it leaves undetermined no substantial issue affecting appellants' rights. Memorial has been deprived of all its assets. It has been removed as trustee. All essential determinations have been made with reference to the terms of the trust, its purposes and its beneficiaries. The appointment of a new trustee will in no wise affect the substantive rights of appellants. The sole purpose of the accounting is to insure full and complete performance of the provisions of the judgment which require Memorial to surrender all of the trust assets.

It seems to us that we must say here, as was said in *Zappettini* v. *Buckles, supra,* that the further proceedings remaining to be taken in the future ''are simply such proceedings as are necessary to carry the judgment into effect'' and that ''all consequential directions depending on the result of the subsequent proceedings are given in the decree.''

We turn now to important aspects of the instant judgment which readily distinguish it from the interlocutory judgment involved in *In re Los Angeles County Pioneer Society,* 40 Cal. 2d 852 [257 P.2d 1]. The instant judgment in removing Memorial as trustee not only stripped it of all right, title and interest in and to the assets of the trust, but by appointing a receiver it immediately deprived Memorial of *possession* both of its assets and its records. The receivers are now in possession. Paragraph VI of the instant judgment is injunctive in character. It presently restrains Memorial from using any assets in its possession except for limited and specified purposes. The receivership and injunctive aspects were absent from the interlocutory judgment involved in Pioneer.

It has been said of subsection 1 of section 963 of the Code of Civil Procedure, authorizing an appeal from ''a final judgment'' that ''This provision states the *final* judgment rule, or rule of *one final judgment,* a fundamental principle of appellate practice in the United States. The theory is that piecemeal disposition and multiple appeals in a single action would be oppressive and costly, and that a review of intermediate rulings should await the final disposition of the case. (See *Bank of America* v. *Superior Court,* 1942, 20 Cal.2d 697, 701 [128 P.2d 357] ; 33 Harv.L.Rev. 1076 ; . . .)'' (3 Witkin, California Procedure, p. 2151.)

It is elementary that the remedy of receivership is regarded as drastic and severe. (*Golden State Glass Corp.* v. *Superior Court,* 13 Cal.2d 384, 393 [90 P.2d 75] ; *Takeba* v. *Supe-*

*rior Court*, 43 Cal.App. 469, 475 [185 P. 406]; *Whitley* v. *Bradley*, 13 Cal.App. 720, 725 [110 P. 596].) Manifestly in recognition of the drastic character of the remedies of receivership and injunction, the Legislature made exceptions to the so-called final judgment rule by providing in subsection 2 of section 963 that an order granting an injunction or appointing a receiver is appealable. There is nothing unclear or equivocal in the language of this provision. We see no reason to doubt that it applies to the instant order.

■ The decisions clearly establish, not only that an order appointing a receiver made at any stage of the action is appealable, but also that failure of the party claiming to be aggrieved to take a timely appeal from such order, will cost him his right to have it reviewed. (*McCarthy* v. *Tally*, 46 Cal.2d 577 [297 P.2d 981]; *West* v. *Parker*, 97 Cal.App.2d 286 [217 P.2d 473]; *Weygandt* v. *Larson*, 130 Cal.App. 304 [19 P.2d 852]; *Caminetti* v. *Imperial Mut. Life Ins. Co.*, 54 Cal.App.2d 514 [129 P.2d 432].) In *Neider* v. *Dardi*, 130 Cal. App.2d 646 [279 P.2d 598], an order appointing a receiver contained in an interlocutory judgment was held appealable.

■ Bearing in mind the common-sense and practical reasons underlying the policy against multiple appeals and "piecemeal dispositions," what valid and relevant practical considerations do we find here present? The primary considerations, we take it, are to expedite final dispositions, to minimize costs and to avoid the oppression and expense of successive appeals from intermediate rulings.

None of these practical considerations, in our view, argues against a present appellate review of the instant judgment. Indeed they argue in favor of it. If we are right in our conclusion that the order appointing the receivers is appealable, our review of that provision of the judgment will require us to review all of the evidence relied upon to justify it. In the instant case the justification for the appointment of the receivers depends upon the merits. The occasion for the receivership was the immediate removal of Memorial as trustee. Thus a review of the order appointing the receivers must be essentially coextensive with a review of the merits.

■ Evidence to justify the appointment of a receiver may be presented in the form of allegations in a complaint or other pleading, by affidavit or by testimony. (*Armbrust* v. *Armbrust*, 75 Cal.App.2d 272 [171 P.2d 75].) ■ An appellate court, in passing on an order appointing a receiver, must view the cause as it appeared to the lower court when

making the order. (*California Delta Farms* v. *Chinese American Farms,* 204 Cal. 524 [269 P. 443].) As was said in *Whitley* v. *Bradley, supra,* 13 Cal.App. 720, 725: "The determination of the question here (appointment of a receiver) must therefore of necessity rest upon the proposition whether the evidence upon which the order appealed from was made affirmatively discloses an abuse of discretion."

The recent decision in *McCarty* v. *Macy & Co.,* 153 Cal. App.2d 837 [315 P.2d 383], relied upon by respondents, does not contradict any of the principles we have enunciated here. The plaintiffs in that case sought to enjoin the operation of a grain mill, contending that it constituted a nuisance, and also sought recovery of damages. It was agreed that the equitable issues should be tried first and that the claims for damages should be tried later. After completion of the first part of this bifurcated trial, the court made minute orders indicating that it would deny the injunctive relief sought. Plaintiffs appealed, apparently regarding the minute orders as orders refusing to grant an injunction appealable under subsection 2 of section 963. In dismissing the appeals the appellate court stated: "It is clear from the record, as hereinabove stated, that it was not the intention of the court to enter any judgment until the issue of damages had been disposed of, and it is likewise clear that no final judgment, or any judgment, has been entered." Obviously these minute orders were not intended to be the effective embodiments of the court's denial of relief. They were intended solely as informative indications with respect to the content of one aspect of a judgment to be rendered upon completion of a half-finished trial.

 In summary, we hold that the judgment here involved is final and appealable because (1) it determines all of the substantial issues affecting appellants' rights and gives "all consequential directions" for such further proceedings as may be necessary to carry it into effect; (2) under subsection 2 of section 963 of the Code of Civil Procedure appellants have an unqualified and unquestionable right to an immediate review of the provisions of the judgment appointing the receivers and depriving Memorial of the use and possession of all assets of the trust; and (3) the review of the order appointing receivers must to a large extent involve a review of the merits of the ultimate issues.

For the reasons stated, the motion to dismiss in Number 22766 should be denied.

The Appeal From the Receivership Orders (No. 22871)

Here Memorial has appealed from a minute order dated April 1, 1957, and a formal written order dated April 18, 1957, approving, settling and allowing the Report and First Account Current of the respondent receivers; fixing the compensation of the receivers at $2,500 per month from the date of their qualification until further order of the court; and authorizing them to pay themselves this compensation out of the receivership funds in their possession. In view of the final sentence of the minute order: "Receivers to prepare written order," it cannot be regarded as an appealable order, "but is a mere memorandum affording data from which a proper final order (judgment) might thereafter be drafted." (*Security-First Nat. Bank* v. *Cooper,* 62 Cal.App.2d 653, 662-663 [145 P.2d 722]; *Estate of Yale,* 208 Cal. 102, 104 [280 P. 358].) The appeal from the minute order, therefore, should be dismissed.

The respondents attorney general and American Gold Star Mothers, Inc. have moved to dismiss the appeal on the sole ground that it is taken from a nonappealable order. The respondent receivers and appellant Memorial resist the motion to dismiss urging that an order which finally determines the rights of a party in respect of a collateral matter distinct from the general subject of litigation and upon which the correctness of the decision of the main litigation does not depend is a "final judgment" within the meaning of section 963 of the Code of Civil Procedure. The decisions sustain this latter contention. (*Howe* v. *Key System Transit Co.,* 198 Cal. 525, 531 [246 P. 39]; *Sjoberg* v. *Hastorf,* 33 Cal.2d 116, 119 [199 P.2d 668]; *Colma Vegetable Assn.* v. *Superior Court,* 75 Cal.App. 91, 94-95 [242 P. 82].)

The general rule governing the problem before us was stated by the Supreme Court in *Sjoberg* v. *Hastorf, supra,* 33 Cal.2d 116, 119, as follows: "An appeal is allowed if the order is a final judgment against a party in a collateral proceeding growing out of the action. (Citations.) It is not sufficient that the order determine finally for the purposes of further proceedings in the trial court some distinct issue in the case; it must direct the payment of money by appellant or the performance of an act by or against him. (Citations.)"

In *Fish* v. *Fish,* 216 Cal. 14 [13 P.2d 375], it was held that an order settling a receiver's account, fixing his compensation, and directing sale of receivership property to pay such compensation, was appealable by a party to the main action, since

it was in effect an order for the doing of an act against such party. An order fixing a receiver's compensation and ordering it paid by one of the parties has been held appealable, even though made before there was a final judgment in the main action. (*City of Los Angeles* v. *Los Angeles City Water Co.*, 134 Cal. 121 [66 P. 198].)

In *Grant* v. *Superior Court*, 106 Cal. 324 [39 P. 604], it was held that an order fixing the amount of a receiver's compensation and ordering it paid "out of the funds in the receiver's hands . . . would be a final judgment upon a collateral matter arising out of the action, and would be appealable by any party interested in the fund. . . ." To the same effect are *Grant* v. *Los Angeles & Pac. Ry. Co.*, 116 Cal. 71, 72 [47 P. 872]; *Elliott* v. *Superior Court*, 144 Cal. 501, 506 [77 P. 1109, 103 Am.St.Rep. 102]; *Edwards* v. *Western Land & Power Co.*, 27 Cal.App. 724, 728-729 [151 P. 16]; *Steinberg* v. *Goldstein*, 122 Cal.App.2d 516, 518 [265 P.2d 153]; *California Fruit Growers Assn.* v. *Superior Court*, 8 Cal.App. 711, 713 [97 P. 769].

All of the decisions relied upon by the moving parties are readily distinguishable. In *Rochat* v. *Gee*, 91 Cal. 355 [27 P. 670], the order in question merely approved the receiver's account and deferred the allowance of any compensation "until the coming in of his final report." (*Wilson* v. *Day*, 112 Cal.App.2d 598 [246 P.2d 996] went no further than to hold that "An interim order approving an account of a receiver is not appealable. . . ." In *Illinois Trust & Sav. Bank* v. *Pacific Railway Co.*, 99 Cal. 407 [33 P. 1132]; in *Free Gold Min. Co.* v. *Spiers*, 135 Cal. 130 [67 P. 61]; and in *Title Ins. & Trust Co.* v. *California Dev. Co.*, 159 Cal. 484 [114 P. 838], the orders involved did not provide for payment of receivers' compensation; they related only to the authorization of expenditures incident to the preservation or management of the receivership estate.

The order involved in the instant case fixes the compensation of the receivers on a continuing salary basis of $2,500 per month and unconditionally orders payment out of the receivership funds. This is precisely the type of order held appealable in *Grant* v. *Superior Court, supra*, 106 Cal. 324. If, as the moving parties suggest, a doubt was cast upon Grant by the decision in *Title Ins. & Trust Co.* v. *California Dev. Co., supra*, 159 Cal. at page 493, that doubt was removed by the later decision in *Fish* v. *Fish, supra*, 216 Cal. at page

16, which cited the Grant case, among others, as authority for the holding that an order which fixed a receiver's compensation and ordered it paid out of the proceeds of a sale of receivership property was appealable by a party having an interest in the property.

In Number 22766 the motion to dismiss the appeal is denied. In Number 22871 the appeal from the minute order is dismissed, and the motion to dismiss the appeal from the formal order dated April 18, 1957, is denied.

Ashburn, Acting P. J., and Kincaid, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.