[Civ. No. 29909.   Second Dist., Div. Four.   Apr. 10, 1967.]

MACMORRIS SALES CORPORATION, Plaintiff, Cross-defendant and Appellant, v. MACK KOZAK, Defendant, Cross-complainant and Respondent; MORRIS BOWMAN et al., Cross-defendants and Appellants; GILBERT ROBINSON, as Receiver, etc., Respondent.

Joseph W. Fairfield and Ethelyn F. Black for Plaintiff, Cross-defendant and Appellant and for Cross-defendants and Appellants.

No appearance for Defendant, Cross-complainant and Respondent.

Gilbert Robinson, in pro. per., for Respondent Receiver.

FILES, P. J.—This appeal is from some orders pertaining to the accounts, compensation, and attorney fees of a receiver who had been appointed by the superior court. The underlying civil action involves some kind of controversy over the ownership or control of Macmorris Sales Corporation. The record on appeal discloses little of the nature of that case, and it is of no consequence on this appeal.

On March 5, 1964, the superior court made an order appointing respondent Gilbert Robinson receiver and directing him to take over and operate the used automobile sales businesses which had been conducted by plaintiff corporation.

On March 9 the receiver filed a petition for instructions in which he related to the court the conditions which he had discovered in attempting to carry out his duties. After a hearing on March 13 the court instructed the receiver to liquidate the automobiles on hand "in a manner designed to realize the maximum sum therefor."

The receiver's second petition for instructions, filed March 30, reported that all cars had been sold for the best price obtainable, some by auction and others by private sale. The report explained that most of the automobiles on hand had been in bad condition. Many had been standing on the lot for 90 days or more and did not run well. On April 1 the court made an order approving the report and giving instructions regarding disposition of remaining items of property. On May

1, in response to the receiver's further petition for instructions, the court directed him to surrender certain leased premises to the landlord. On June 10, 1964, and on September 3, 1964, the receiver filed status reports with the court giving information about accounts receivable and payable, and other matters. On September 28, 1964, the receiver filed his verified final report and account and petition for discharge.

On October 29 appellants Macmorris Sales Corporation and Morris Bowman filed their written objections to the receiver's account and report. In this document appellants made the following assertions:

That automobiles having a wholesale value of $84,240 had been sold for $55,804.65 without any explanation.

That "Objection is hereby interposed to each and every item contained in Exhibit C of the Receiver's final report," which was his schedule of disbursements totaling $25,817.17.

That a $10,000 rent deposit had been lost "due to the carelessness and negligence of the receiver."

Appellants prayed that the receiver be denied any compensation and surcharged for any deficiency.

When the receiver's account came on for hearing, appellants' attorney advised the court that the matter would take two or three days for trial. The hearing was then put over to December 2, so it could be assigned to a regular trial department.

On November 6, 1964, the receiver petitioned for leave to employ counsel, calling the court's attention to the nature of the attack which had been made upon his account and the statements which the objectors' attorney had made. On the same day the court made an ex parte order authorizing the receiver to employ counsel to assist him with reference to the objections to his account.

On November 20 the court heard and denied appellants' motion to vacate the order of November 6.

On December 2, 1964, the account and objections thereto came on for hearing before Judge Rhone, sitting in a trial department. Appellants called the receiver and cross-examined him, but offered no other evidence. The court then made its order approving the account and allowing the receiver compensation in the amount of $3,020. The question of allowing fees for the receiver's attorney was continued to December 21 and set for department 65, so that it could be heard by Judge Collins, who had appointed the receiver and had made all of the supervisory orders. The decision made on December

2 is reflected in written findings of fact and conclusions of law, and a separate order, signed and filed on December 16.

On December 29, after a hearing held before Judge Collins, an order was made authorizing payment of the sum of $900 as compensation to the attorneys who had represented the receiver on the accounting.

On January 18, 1965, Macmorris Sales Corporation and Morris Bowman filed a notice of appeal which purports to appeal from the following orders:

(a) The order of December 16, 1964, settling the account of the receiver.

(b) The order of December 29 allowing the $900 attorney fee.

(c) The ex parte order of November 6 authorizing the employment of counsel.

(d) The order of November 20 denying the motion to vacate the order of November 6.

■ The orders of December 16 and December 29 are appealable as final judgments determining matters which are collateral to the main case. (*Brown* v. *Memorial Nat. Home Foundation*, 158 Cal.App.2d 448, 458 [322 P.2d 600, 72 A.L.R.2d 997].)

The ex parte order of November 6 authorizing the employment of counsel is not an appealable order. (*Raff* v. *Raff*, 61 Cal.2d 514, 519 [39 Cal.Rptr. 366, 393 P.2d 678]; see discussion in *Title Ins. & Trust Co.* v. *California Development Co.*, 159 Cal. 484, 492-493 [114 P. 838].)

■ The motion to vacate the order of November 6 was not exclusively a motion to reconsider, for it was accompanied by a declaration of counsel setting forth additional facts which the appellants desired the court to consider. Nevertheless, the ruling of the court on November 20 is not appealable. The applicable rule is ". . . when a judgment or order is not appealable, it cannot be made reviewable by the device of moving to set it aside and appealing from an order denying the motion." (3 Cal.Jur.2d, Appeal and Error, § 57, p. 490, quoted in *Spellens* v. *Spellens,* 49 Cal.2d 210, 228 [317 P.2d 613].)

The appeals from the orders of November 6 and November 20 must therefore be dismissed.

The notice of appeal also declares that appellants will ask the court to review a number of earlier orders which are listed. Appellants do not say they appeal from those earlier

orders. We take this to mean that appellants are asking this court to consider the prior orders insofar as they have a bearing upon the correctness of the orders which are appealed from.

Appellants' brief lists five alleged errors which will be stated and discussed separately.

Alleged error 1:

''Gilbert Robinson was not qualified to act as a receiver in this cause.''

█ The record shows that Mr. Robinson is a member of the bar and a professional receiver. He had had experience in the liquidation, receivership, and bankruptcy trusteeship of used car businesses. Appellants' criticism appears to be based upon the fact that Mr. Robinson had never been a used car dealer himself.

Appellants' contention is not relevant to the issue here. The record supports the finding of the trial court that the receiver properly discharged the duties of his office. He is therefore entitled to reasonable compensation for his trouble.

Alleged error 2:

█ ''The burden of proving that the account was correct was on the receiver, not on the objector to prove the account incorrect.''

Appellants' argument is based upon a misreading of the record. Nothing was said about burden of proof at the hearing. The evidence before the court consisted only of the receiver's verified account and the receiver's testimony. No contradictory evidence was offered. The findings indicate that the court accepted the receiver's evidence at face value. There was and is no occasion to discuss burden of proof.

Appellants refer to a statement made by Judge Rhone at the beginning of the hearing on the account: ''It is my conclusion that the burden of going forward is upon the objector and that will be the order, and of course there is nothing to prevent him from calling the receiver under 2055 and examining him on items to which he has filed an objection.''

This was a reasonable exercise of the trial court's power to control the order of proof in this hearing. The receiver's petition for approval of his account was a motion (Code Civ. Proc., § 1003), and evidence in support thereof could be produced by affidavit (Code Civ. Proc., § 2009). The petition, which was verified, and which contained the receiver's report and accounting in detail, constituted such evidence. It was

perfectly fair and reasonable at this point to call upon appellants to come forward with their evidence. What happened was that appellants' attorney called the receiver as an adverse witness and cross-examined him. Then appellants rested. There is no basis for contending that they were not afforded a fair hearing.

Alleged error 3:

▌ "The account is not correct and the findings of fact are not supported by the evidence."

The record fully supports the finding of the trial court. There is no evidence that any $10,000 rent deposit was lost. The action of the receiver in surrendering the lease was taken upon specific instructions of the court, given after a hearing in which appellants were represented by counsel.

Appellants' principal grievance appears to be that the automobiles brought too small a price. But there is no evidence that the receiver could have obtained a better price.

Appellants also complain that the receiver failed to file an appraisal of the property which he took into his possession. Neither the code nor the rules of court call for this. Rule 240(c) of the California Rules of Court requires a receiver to "file an inventory containing a complete and detailed list of all property of which he has taken possession by virtue of his appointment; . . ." An inventory was filed, containing a list of the automobiles by make, model, stock number and license number. The receiver's March 30 report to the court showed the date of sale and the price received for each vehicle. There is no reason to think that appellants would have been better off if the receiver had prepared and filed an appraisal of the cars as of the date he took possession. Appellants had the opportunity to challenge the adequacy of the receiver's performance. Appellants' counsel threatened to bring in expert witnesses, when he was talking about a three-day trial. But when the time came he offered no evidence of value at all.

▌ The last two alleged errors will be discussed together. They are:

"4. The court was without jurisdiction to appoint an attorney for the receiver to represent him at the hearing of the objections to the account.

"5. It was error to award the attorney for the receiver a fee from the estate for representing the receiver upon the objections to the account."

Appellants correctly point out that the attorney was

employed not to preserve the estate but to protect the receiver when his account was challenged. It is of course an indispensable part of the receiver's duties to file an accounting and submit himself to inquiry and attack by those beneficially interested in the estate. In this case the attack which was threatened was much more than routine. Items aggregating approximately $60,000 were called into question, with a request that the receiver be surcharged. The attorney for the objectors announced his intention to conduct a three-day trial. The receiver could expect to be a witness. Although himself a member of the bar, he could hardly be expected to act in propria persona, conducting a trial of such gravity and complexity, examining witnesses and making objections and arguments. It was necessary and proper that the receiver have the assistance of counsel. ■■■ Since the record shows that the charges against him were unfounded, and that his report and account as submitted by him were regular, the cost of preparing for the contest and appearing in it can only be regarded as necessary expense incurred in the course of his official duties, for which he is entitled to reimbursement out of the estate. (*Missouri K. I. Ry. Co.* v. *Edson* (8th Cir. 1915) 224 F. 79 [139 C.C.A. 561].)

The amounts to be allowed to the receiver as his compensation and to pay his attorney are for the trial court to determine in the exercise of its discretion. (*Venza* v. *Venza,* 101 Cal.App.2d 678, 680 [226 P.2d 60].) Under all of the circumstances we cannot say that this discretion has been abused.

The orders of December 16, 1964, and December 29, 1964, are affirmed. Appeals from the other orders are dismissed.

Jefferson, J., and Kingsley, J., concurred.

A petition for a rehearing was denied April 26, 1967, and the petition of all the appellants for a hearing by the Supreme Court was denied May 31, 1967.