[Civ. No. 63777. Second Dist., Div. Five. June 29, 1982.]

AVIATION BRAKE SYSTEMS, LTD., Plaintiff and Appellant, v. CHARLES B. VOORHIS II et al., Defendants and Respondents.

COUNSEL

Albert E. Cordova for Plaintiff and Appellant.

Yager, Voorhis, Harding & Zilinskas and Neil S. Tardiff for Defendants and Respondents.

OPINION

ASHBY, J.—Aviation Brake Systems, Ltd., appeals from an order of dismissal following the sustaining of a demurrer, without leave to amend, to the second amended complaint.[1] Defendant Voorhis was appointed as a receiver in a prior related action. The complaint alleges that Voorhis violated his duties as a receiver, and seeks damages from Voorhis personally and from the insurer who provided the receiver's bond. (See Code Civ. Proc., §§ 304.1, 567.) The court sustained the demurrer primarily on the ground of res judicata, based upon the order of the court in the prior case approving the receiver's final account.

The prior action, Hetrick v. Graves et al., Ventura County Superior Court No. 58674, apparently arose out of a dispute by different factions

---

[1] We construe the notice of appeal from the order sustaining the demurrer to be from the subsequently entered order of dismissal, of which we take judicial notice. (Cal. Rules of Court, rule 2(c); *Flowers & Sons Development Corp.* v. *Municipal Court* (1978) 86 Cal.App.3d 818, 822, fn. 1 [150 Cal.Rptr. 555].)

over the control of the corporation, Aviation Brake Systems, Ltd. (ABSL). The plaintiff Hetrick alleged that the defendants Sam Graves and William Campbell and others fraudulently obtained control of the corporation and were operating unlawfully. Hetrick requested that a receiver be appointed to preserve the assets of ABSL pending determination of the rightful ownership. On April 14, 1977, the court appointed Voorhis as receiver of ABSL. Northwestern National Insurance Company provided the receiver's bond.

On October 13, 1977, the court granted plaintiff Hetrick's motion to relieve Voorhis as receiver and appoint a substitute receiver. The order provided that Voorhis file his final report by November 15, 1977, that objections to the final report be filed by November 25, 1977, and that upon acceptance of the final report Voorhis would be discharged. The order appointed Clifford Tompkins as substitute receiver. On November 15, 1977, Voorhis filed his final report and account requesting that after due notice and proceedings the court make its order settling and allowing the account and report, allowing his expenses and fees, and releasing and exonerating him from any further liability as receiver and exonerating the bond. The matter was continued, and Voorhis filed a supplemental exhibit to the final report and account on January 12, 1978. The substitute receiver, Tompkins, filed a report dated March 16, 1978, detailing the actions he had taken as receiver from October 13, 1977.

On April 7, 1978, the court held a hearing on the final report of Voorhis and the final report of Tompkins. Present at the hearing were: Voorhis, Tompkins, Bernard Meyerson (counsel for plaintiff), and Michael Kelly (counsel for defendant and for ABSL). The court read and considered points and authorities filed by both sides. As to the final report of Charles Voorhis, the minute order states, "The court overrules the objections . . .; approves the final report; and orders the amount of fees and expenses approved . . . . [¶] . . . . [¶] The court further orders that the former receiver be discharged and the bond of Charles Voorhis be and hereby is exonerated." With respect to the final report of Clifford Tompkins, the minute order states, "The court overrules the objections . . .; approves the final report; and orders the request for fees and expenses approved . . . . [¶] The court further orders said receiver be discharged and the bond of Clifford Thompkins exonerated upon delivery to counsel for defendant ABSL all assets currently held by said receiver belonging to ABSL. [¶] Counsel for defendant is directed to file with the court acknowledgment of receipt of said assets, and upon

said filing the court will, by further order, order said receiver discharged and the bond of Clifford Thompkins exonerated."

■ The order settling the account of the receiver, which is a final appealable order (*Schreiber* v. *Ditch Road Investors* (1980) 105 Cal. App.3d 675, 677, fn. 1 [164 Cal.Rptr. 633]), was not appealed.

The instant complaint was filed August 19, 1980. It alleges that Voorhis failed to discharge his duties faithfully as receiver in the prior action, and seeks damages from Voorhis personally and on the bond. The second amended complaint alleges that "[t]he events, transactions, and circumstances complained of herein by plaintiff were unknown to plaintiff and could not have been discovered by plaintiff prior to October 13, 1977, in that plaintiff did not have access to the books, records, documents and real property at issue herein prior to that date." The specific acts or omissions of Voorhis allegedly constituting his failure to discharge his duties are quoted in this footnote.[2]

---

[2]"a. Failed to make and complete an independent inventory of all property in possession of ABSL. Plaintiff is informed and believes that defendants relied on the representations of WILLIAM H. CAMPBELL to prepare said inventory when defendant VOORHIS knew or should have known that CAMPBELL was not an authorized agent or representative of ABSL: that CAMPBELL was specifically named in a preliminary injunction, filed on or about November 14, 1975, restraining him from transferring or hypothecating property of ABSL as more fully set forth in said injunction on file in that action; that CAMPBELL had been found at a hearing held on July 10, 1975, to be in contempt of said order; and that CAMPBELL was therefore one of the parties whom defendant VOORHIS was most particularly appointed and expected to guard against.

"b. Failed to prevent CAMPBELL from diverting assets of ABSL to his own use, including the use of company parts, facilities and personnel to work on airplanes owned personally by CAMPBELL and others and providing no benefit to ABSL.

"c. Paid 'consulting fees' to CAMPBELL and others in an amount in excess of $56,000.00 when defendant VOORHIS knew or should have known these individuals were providing no benefit to ABSL and in fact were named defendants in the underlying action.

"d. Paid personal debts, including personal credit card bills, in the name of CAMPBELL and others.

"e. Failed to pay ABSL's utility bills and accounts owing to various of ABSL's principal suppliers, which resulted in cancellation of said accounts. Said suppliers were essential to the continued operation of ABSL and have since indicated that they will no longer do business with ABSL as a result of the aforementioned non-payment, thereby effectively precluding the continued operation of ABSL.

"f. Obtained cash advances on ABSL credit cards up to the full limit of credit then available to pay various employees for work performed on airplanes owned personally by CAMPBELL and providing no benefit to ABSL.

"g. Failed to preserve company assets once the operation of ABSL was terminated, including preservation of one Rallye Aircraft owned by ABSL and not turned over to the succeeding Receiver herein. Plaintiff ABSL is informed and believes that said aircraft was used for personal business of CAMPBELL and others when defendant VOORHIS herein knew or should have known this was not providing any benefit to ABSL, and was subsequently abandoned.

## DISCUSSION

■ We hold the trial court properly sustained the demurrer on the ground of res judicata. We conclude that the matters sought to be litigated in the present action were, could have been, or should have been litigated at the time the receiver's final report and account was approved, and that the court's order in the prior case approving the account, which has become final, may not be collaterally attacked in this proceeding.

Appellant contends that the only issues involved in an approval of a receiver's final report and accounting are the liabilities of the receiver as such, in his official capacity. Appellant contends that such a proceeding has nothing to do with fixing the liability of the receiver personally for his misconduct or mismanagement of the receivership estate. We disagree.

A case involving remarkably similar facts is *Macmorris Sales Corp.* v. *Kozak* (1967) 249 Cal.App.2d 998 [58 Cal.Rptr. 92]. There, as here, the underlying civil action involved a controversy over ownership or control of Macmorris Sales Corporation. Gilbert Robertson was appointed as receiver to operate the used automobile sales business of the corporation. Pursuant to instructions from the court, the receiver liquidated the automobiles on hand and surrendered certain leased premises. The receiver filed his final report and account and petitioned for discharge. Macmorris Sales Corporation and Morris Bowman filed objections to the account and report, including the objections that the receiver should have obtained a better price for the cars and that due to his carelessness and negligence a $10,000 rent deposit had been lost. The objectors prayed that the receiver be denied any compensation and surcharged for any deficiency. (*Id.*, at p. 1001.) After hearing, the objections were overruled and the court approved the account. Macmorris Sales Corporation appealed from the order settling the account, reiterating the contentions that the cars were sold for too small a price and that a rent deposit had been lost. The appellate court upheld the settling of the account, based upon substantial evidence. (*Id.*, at p. 1004.)

"h. Failed to pay rent on the lease covering the company's premises located at 3535 Fifth Street, Oxnard, CA.

"i. Failed to preserve and to turn over to the Substitute Receiver, CLIFFORD TOMPKINS, appointed pursuant to an 'Order Appointing Substitute Receiver,' filed in Action #58674, referenced hereinabove, all that inventory and property listed by defendant VOORHIS as constituting assets of plaintiff ABSL under his possession and control in his First Report of Receiver on Audit and Inventory, filed herein on June 14, 1977, and incorporated in the 'Final Report and Account of Charles B. Voorhis, II, Receiver, et seq.' filed herein on November 15, 1977."

Another similar case is *Rochat v. Gee* (1891) 137 Cal. 497 [27 P. 670], an action for dissolution of a partnership existing between the plaintiff and the defendant. A receiver had been appointed to operate the business. The appeal was by the defendant from an order settling the final account of the receiver. In the course of discussing an objection that certain testimony had been erroneously admitted regarding the seizure of partnership assets by creditors during the receivership, the court stated: "The ruling, however, was immaterial, because the court held the receiver responsible for the property involved and charged him with it in settling the account." (*Id.*, at p. 499.)

*Macmorris* and *Rochat* demonstrate that upon the receiver's final report and account, the receiver in his personal capacity may be surcharged for losses to the receivership estate based upon his misconduct or mismanagement. Notice of the receiver's final report and account is given to all interested parties. (Cal. Rules of Court, rule 240(d).) In this case the questions now sought to be raised about the propriety of various expenditures and the adequacy of the inventory of property could and should have been raised as objections to the receiver's final report and account. Voorhis and Tompkins could have been examined on these issues. Even if this were not a collateral attack on the prior order, but a direct attack by way of an independent action in equity or a motion to vacate filed in the original action, insufficient circumstances are alleged to show the kind of extrinsic fraud which justifies setting aside a final order or judgment. (See *Kronkright v. Gardner* (1973) 31 Cal.App.3d 214, 217 [107 Cal.Rptr. 270]; 75 C.J.S., Receivers, § 376, p. 1041.)

This is not a case where the alleged misconduct could not have been discovered until after the settling of the account. The second amended complaint itself fixes October 13, 1977, as the date when the circumstances could have been discovered, which was a month before the filing of the final report and six months before the hearing on objections to the account.

The order of dismissal is affirmed.

Stephens, Acting P. J., and Hastings, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 25, 1982.