## The Merchants' and Planters' National Bank *et al. vs.* The Trustees of Masonic Hall.

[Warner, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

1. Where judgment has been rendered in a state court against a national bank, and upon the execution issued thereon a return of *nulla bona* has been made by the sheriff of the county where the bank is located, and the bank has ceased to discharge its functions as a fiscal agent of the United States, and is disposing of its assets which cannot be reached by levy and sale under the common law execution, among its stockholders, thereby endangering the safety of those assets and the judgment debt of the creditor, equity will relieve by the grant of injunction and appointment of a receiver.

2. Until a receiver has been appointed by a federal court, wherein the interposition of equity to settle the affairs of a national bank was invoked, and to appoint a receiver to take charge of its assets, neither law nor comity requires the state court to suspend its equitable remedy to reach the assets of the bank and enforce its own final process until the federal court shall act; especially where in the federal court the case is made by the stockholders of the bank, and the judgment creditor is not made a party thereto.

Banks.   Equity.   Jurisdiction.   United States Courts. Injunction.   Before Judge Pottle.   Richmond County. At Chambers.   May 1, 1879.

The Trustees of Masonic Hall obtained a judgment on June 17th, 1878, against the Merchants' etc. Bank, founded on a suit brought January 18th, 1876. Execution issued and a return of *nulla bona* was made. The bank had gone into liquidation and the president refused to point out assets for levy. Plaintiffs then filed this bill for the purpose of reaching assets which were in the hands of the cashier and president, and which it alleged they were collusively disposing of, and dividing out among the stockholders, in fraud of complainants' judgment, which they refused to pay. They were made parties defendant.

Defendants (denying fraud, etc.,) showed for cause why injunction should not be granted and a receiver appointed, the following, among other reasons :

(1.) That the bank had gone into liquidation in 1875, before the commencement of the suit, closed its connection with the treasurer of the United States, shut its doors, and ceased actual business.

(2.) That if it was still a corporation this was not the proper remedy against it.

(3.) That a bill had been filed by one of the stockholders in the circuit court of the United States setting out the common law judgment of complainants, and praying the appointment of a receiver. This suit, respondents contended, prevented the state court from appointing its receiver for the same property, as complainants could enter that suit and assert their rights. [It appears that one Fause, a stockholder in the bank, had filed the bill mentioned, and in it had stated the existence of this claim in favor of the Masonic Hall, and prayed for a receiver to take charge of the assets and to settle the affairs of the bank. Complainants, however, were not parties. The bill was brought in September, 1878, but no receiver appears to have been appointed, nor does the record disclose any action taken on it.]

The court granted the prayer for injunction and receiver, and defendants excepted.

For the other facts see the opinion.

J. C. C. BLACK; BARNES &⁔CUMMING, for plaintiffs in error.

J. S. & W. T. DAVIDSON; HOOK & WEBB; JOS. GANAHL, for defendants.

JACKSON, Justice.

1. The return of *nulla bona* was made by the sheriff upon the execution issued in favor of the Masonic Hall against the Merchants' and Planters' National Bank, and thereupon the plaintiffs in execution filed a bill invoking the grant of injunction to restrain the further distribution of the assets

of this bank among the creditors and stockholders, and the appointment of a receiver to take possession of the assets and keep them in safety to answer a decree to subject them to the payment of the judgment. The chancellor granted the injunction and appointed the receiver, and error is assigned upon his judgment and interlocutory order therein.

We are unable to discover the error. The bank is no longer an agent of the United States. It has gone into liquidation. It has no ostensible property on which a levy can be made; its president declines and refuses to point out any property whereon the common law *fi. fa.* can be levied; he openly proclaims that the judgment shall not be paid while it can be resisted; the stockholders have been paid large sums of money so that the assets are reduced from $225,000.00 to $40,000.00, and how soon the remaining assets may in like manner be scattered amongst the stockholders, many of them non-resident, no man can foresee. The only fund, therefore, out of which this *judgment* debt can ever be paid is in danger, and in such case a receiver will be appointed unless other good reasons be exhibited against it. For the bank is insolvent so far as available legal assets within the reach of levy and sale under the common law *fi. fa.* is concerned, and the only hope of the creditor is in the assets not capable of being levied on and rapidly disappearing.

Code, §§3098, 3149, 274, 1946; Thompson's National Bank Cases, 406, 321, 912, 203, 792, 77, 559, 774, 786; Rev. Stat. U. S., 5597—cited by defendants in error.

2. But it is said that a Georgia state court will not interfere with a court of the United States first obtaining jurisdiction, and that such a court has jurisdiction and in contemplation of law is in possession of the *res* when the bill is brought to dispose of that, so soon as the bill is filed, and is not postponed to the time that a receiver is actually appointed. That is so, we hold, in cases where the receiver is appointed. Such appointment will date back to the time of filing the

bill; and the state receiver will yield to the federal receiver, especially when by collusion the former was appointed on purpose to be ahead of the latter in point of time. This was ruled substantially by this court in *May et al. vs. Printup, receiver, et al.*, 59 *Ga.*, 128. But it would seem here that the stockholders' bill has been pending a long time in the circuit court of the United States and no receiver is yet appointed. Perhaps none ever will be. Is the judgment creditor to wait until one is appointed? He is not even, in this case, or rather the Masonic Hall is not, made a party to the bill in the United States court. If it were, and if the bill filed there were similar to this in review here, and could accomplish the same end, to-wit, the collection of this debt by this *judgment* creditor having the *final* process of a state court in its hands, even then we should rule that neither law nor equity nor comity would require the state equity court to wait upon the United States court in a case like this. When that court does act, if it ever should, then will be the time to ask the state court to force its receiver to turn over the assets to the federal receiver, unless, indeed, the good sense of the two officers should harmonize in their management of the trust fund, by securing the judgment, and then turning over the balance of the fund to the United States receiver.

Judgment affirmed.