[Sac. No. 4470. In Bank.—August 27, 1931.]

CALIFORNIA NATIONAL BANK OF SACRAMENTO (a National Banking Association), Respondent, v. EL DORADO LIME AND MINERALS COMPANY (a Corporation) et al., Defendants; GEORGE BONNEFOY et al., Appellants.

Thomas B. Leeper, *in pro. per.*, and Arthur C. Huston for Appellants.

Devlin & Devlin and Devlin & Devlin & Diepenbrock for Respondent.

THE COURT.—This is an appeal by several individual defendants from two orders of the lower court, one confirming a commissioner's sale of property and another settling the final account of a receiver. The issues which are determinative of the appeal were decided in prior litigation between the parties, culminating in the decision of this court in *California Nat. Bank* v. *El Dorado Lime & Minerals Co.,* 207 Cal. 676 [279 Pac. 775]. A detailed review of the facts may be found in that opinion. It is sufficient at this time to state that this judgment decreed that George A. Starkweather had title to all of the property of defendant corporation, as trustee for various creditors, including plaintiff; that the rights of the individual defendants (appellants herein), who were the owners of the business prior to its incorporation, were subordinate to the rights of Starkweather as trustee. The account of said trustee was approved, and the judgment further provided that the creditors were subrogated to the rights formerly exercised by him. Priorities among the creditors were determined. In the event of failure to pay the indebtedness, a sale of the properties was ordered. Pursuant to this order, a sale was had, resulting in a purchase of the whole for $140,539, and in a deficiency of $218,091.89. The court entered a deficiency judgment against the defendants with the exception of Leeper, who became interested in the litigation after the business was involved in difficulties, and was not one of the original owners. During the course of the proceedings, a receiver was in charge of the property. At their conclusion, he had on hand cash in the sum of $32,107.46. The court ordered this paid to the creditors.

The first contention of the present appeal is that the money in the hands of the receiver belonged to the defendants as owners of the property and should have been paid to

them. The trial court found that the money did not represent profits of the business, but was simply the result of the sale of lime ore constituting capital assets of the corporation, title to which assets was, of course, in Starkweather for the benefit of the creditors. A receiver takes control of property subject to all existing interests. (*Bories* v. *Union Building & Loan Assn.*, 141 Cal. 74 [74 Pac. 552]; *Rickman* v., *Rickman*, 180 Mich. 224 [Ann. Cas. 1915C, 1237, 146 N. W. 609]; 1 Clark on Receivers, 469, sec. 354; 23 R. C. L. 56, sec. 60.) The court credited defendants with this sum on their liability. They are entitled to nothing more than this.

■ It is next contended that certain accounts receivable, warehouse supplies, and broken ore reserve should not have been sold; but under the judgment, title to all such property was in Starkweather, and was properly sold for the benefit of the creditors.

■ Another claim is that defendant Leeper paid out the sum of $500.52 for services and compensation of a referee, in the original action, and that he was entitled to reimbursement. However, as a defendant in the action he was liable for the costs thereof, which amounted to $551.30, and the court directed that the money due him be applied on his liability for the costs.

No other points are worthy of mention. We are satisfied that the court acted correctly in the acts complained of, and the orders are hereby affirmed.