JOHN R. SANDRIDGE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sandridge v. Commissioner
Docket No. 11947-78.
United States Tax Court
T.C. Memo 1980-152; 1980 Tax Ct. Memo LEXIS 433; 40 T.C.M. (CCH) 280; T.C.M. (RIA) 80152; May 1, 1980, Filed John R. Sandridge, pro se. Francis J. Elward, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined deficiencies in self-employment taxes in the amounts of $1,114 for 1975 and $922 for 1976 and has now filed a motion for summary judgment, maintaining that there is no genuine issue as to any material fact. The petition alleges that petitioner is not subject to the self-employment tax as follows: Briefly, under present laws covering death estate taxes and the cost of dieing [sic] Social Security would leave my family in the street upon my death, which negates any reason *434 for my trying to work for a sound future and better my surroundings. My HR-10 programs along with my life ins. & disability income ins. takes care of my family and myself in the manner of which I have achieved. The case was set for trial on October 22, 1979, and the parties executed a stipulation of facts on that date. The stipulation states in part: 16. Both the parties agree that petitioner did derive income of $22,959.00 from petitioner's self-employment in the taxable year 1975, as per Schedule SE attached to petitioner's 1975 Form 1040. 17. Both parties agree that petitioner did derive income of $11,677.00 from petitioner's self-employment for the taxable year 1976, as per Schedule SE attached to petitioner's 1976 Form 1040. The stipulation further states that petitioner-- has elected to have his retirement program, Disability Income, Child Maintenance, Estate Maintenance, and Life Insurance, covered by private insurance firms rather than the Social Security System. Under the pleadings the only issue before this Court is whether petitioner is entitled to elect whether he will be covered by the Social Security System and required to pay self-employment taxes. *435 On October 22, 1979, this Court was informally advised that petitioner had petitioned the United States District Court, Middle Judicial District of Florida, on April 12, 1979, to be adjudicated bankrupt. Thereupon the trial of this case was continued. Subsequently, respondent filed the motion for summary judgment. The Bankruptcy Act of 1978, Pub. L. 95-598, 92 Stat. 2549, 11 U.S.C. sec. 362, now provides for an automatic stay of proceedings before the United States Tax Court when a bankruptcy action is filed by or against a taxpayer-petitioner, but the Act is effective only for those cases in which the bankruptcy petition is filed on or after October 1, 1979. In this connection, 11 U.S.C. sec. 402(a) states that: "Except as otherwise provided in this title, this Act shall take effect on October 1, 1979." The petition in the instant case was filed October 23, 1978, and the Court acquired jurisdiction of the case at that time. Accordingly, we conclude that this Court has jurisdiction concurrent with that of the bankruptcy court to decide the case. Fotochrome, Inc. v. Commissioner,57 T.C. 842, 844-845 (1972); accord *436 Orenduff v. Commissioner,49 T.C. 329, 332 (1968); sec. 6871(a) and (b), Internal Revenue Code of 1954. On the merits, we think respondent's motion for summary judgment must be granted. The self-employment tax imposed by section 1401, Internal Revenue Code of 1954, is not elective. There is no basis under the law for petitioner's position that he may chose whether to subject himself and his income to this tax. See Cain v. United States,211 F.2d 375, 377-378 (5th Cir. 1954), cert. denied 347 U.S. 1013 (1954); cf. Helvering v. Davis,301 U.S. 619, 644-645 (1937). We conclude, therefore, that there is no merit in petitioner's position, that there is no genuine issue as to any material fact, and that respondent's motion for summary judgment should be granted. To reflect the foregoing, An appropriate order and decision will be entered.