DAVID R. KANE, PETITIONER *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT

Docket No. 5904-82.          Filed December 27, 1989.

David R. Kane, pro se.
*Matthew A. Lykken,* for the respondent.

## OPINION

SCOTT, *Judge:* On September 7, 1989, respondent filed a response to an order of the Court dated August 22, 1989, and a request for sanctions. In his request for sanctions, respondent states that all issues in this case have been disposed of by undenied request for admissions and moves that the case be dismissed and a deficiency in the reduced amount of $1,138.63, without taking into consideration the assessment under the provisions of section 6871,[1] be determined.

The record shows that on December 15, 1981, respondent mailed to David R. Kane and Judy T. Kane, a notice of deficiency determining a deficiency of $2,991.60 in their income tax for the calendar year 1972. The adjustments in the notice consisted of increasing income by disallowance of a "Partnership Loss—Landmark" of $3,267.76 and increasing income by "Dividends—Delphi, Inc." in the amount of $4,055.37. In addition, there was a small adjustment in medical expenses and sales tax. On March 16, 1982, Mr. and Mrs. Kane filed a joint petition with William G. and

---

[1]All section references are to the Internal Revenue Code of 1954 as amended and in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Norma T. Campbell, alleging that the adjustments with respect to Landmark and Delphi were common to the two sets of petitioners. In the petition, it is alleged that David R. Kane does not challenge the determination made by respondent relating to Kane's participation in Landmark Development Co.

On July 15, 1982, David R. Kane filed a petition with the United States Bankruptcy Court for the Eastern District of Arkansas, Western Division. When notice of the filing of this petition was given to this Court an order was issued on March 5, 1987, staying all proceedings in this Court pursuant to the automatic stay provided for in 11 U.S.C. section 362(a)(8) (1982). By order dated March 4, 1987, the case of petitioners William G. and Norma T. Campbell and Judy T. Kane was severed from the case of petitioner David R. Kane and given docket No. 5035-87. Subsequently, a decision was entered with respect to the taxes for 1972 of William G. and Norma T. Campbell and Judy T. Kane pursuant to agreement of the parties.

On October 27, 1987, the United States Bankruptcy Court entered an order granting petitioner relief from the automatic stay under 11 U.S.C. section 362 (1982) insofar as it affects his action in the United States Tax Court and his right to prosecute an action in that Court. By order dated April 19, 1988, the stay of proceedings ordered by this Court was lifted and this case was restored to the general docket for trial or other disposition in due course.

On April 25, 1989, respondent served on petitioner-respondent's request for admissions, a copy of which was filed with this Court on April 28, 1989. On May 24, 1989, petitioner filed a document entitled petitioner's answer to request for admissions. In answer to respondent's request for admissions, petitioner stated that "Petitioner denies that Respondent has the right to argue the 1972 tax year, since a settlement offer was signed by the Petitioner, the tax was paid, and the check was cashed by the Internal Revenue Service." Petitioner further stated that because of the settlement offer he had made, no issues are left to be argued and respondent should be ordered by the Court to close the case. Petitioner then stated that as "to the questions one (1) through twenty (20), they are denied,

except for those admitted in the settlement agreement. (Attached.)" Attached to petitioner's answer to request for admissions was a copy of a check dated February 9, 1981, to the order of the Internal Revenue Service in the amount of $2,876.79 which was signed by petitioner, and a letter to petitioner's attorney dated August 15, 1988, in which petitioner stated that in February of 1981, he received a final notice of settlement for tax year 1972 and that the notice very clearly outlined that he was to pay $2,827.20 in tax balance, and $49.59 in interest, and an addition as settlement of the Internal Revenue Service claim. He further stated that on that final notice, it was specifically outlined that the $2,827.20 is tax owed and that it was his contention that it was a settlement of the year 1972 tax which was paid in full. Also attached was a letter from the office of petitioner's attorney which referred to petitioner's 1972 tax year, and a decision document reflecting a deficiency of $2,991.60. The letter further stated that after petitioner had advised his attorney that $2,876.79 had been paid in 1981, the attorney concluded the decision document was incorrect and requested the Internal Revenue Service to research the 1981 payment to determine if the decision document was in error. The letter further stated that the attorney had received a response that the notice of deficiency issued on December 15, 1981, in the amount of $2,991.60 failed to take into account the agreed assessment of $1,852.97 which had been paid in 1981. The letter stated that the Internal Revenue Service showed an assessment of tax in 1981 of $1,852.97, plus interest of $1,023.81. The attorney's letter stated that, accordingly, the corrected deficiency is $1,138.63. The letter further stated that enclosed was a copy of the new decision document which reflects an amount of deficiency of $1,138.63 (not including interest). The letter then asked that petitioner advise if he was in agreement with this and if his attorney should execute the settlement document.

On June 2, 1989, respondent filed a motion for review of the sufficiency of petitioner's response to respondent's request for admissions. The Court then issued an order dated June 2, 1989, that on or before June 30, 1989, petitioner should file a specific admission or denial of each

of the twenty requests for admissions contained in respondent's request served on petitioner on April 25, 1989, and if the response is to deny any request, to specifically state the true facts surrounding the item with respect to which the request for admission related. This order further stated "that if petitioner fails to adequately respond to respondent's request for admissions by June 30, 1989, as ordered, the Court will apply such sanctions to petitioner as it deems appropriate." The Court received no response from either petitioner or respondent to the order of June 2, 1989, on or before June 30, 1989. On August 22, 1989, the Court issued an order that the parties inform the Court by September 15, 1989, whether petitioner had adequately responded to respondent's request for admissions. The response to order and request for sanctions filed by respondent on September 7, 1989, here under consideration, stated that petitioner had not responded to respondent's request for admissions and moved for dismissal of the case. The Court issued an order dated September 21, 1989, in which petitioner was directed to reply to the order of the Court dated August 22, 1989, requiring petitioner to inform the Court whether he had replied to respondent's request for admissions as directed by the Court and to reply to respondent's request for sanctions on or before October 10, 1989. The order dated September 21, 1989, further stated—

that if no reply is received from petitioner, respondent's request for admissions will be deemed to be admitted, this case will be dismissed, and a decision will be entered in accordance with the admitted items in respondent's request for admissions for a deficiency in the amount of $1,138.63, without taking into consideration the assessment under the provisions of I.R.C. section 6871 on October 19, 1982.

In an envelope with a postmark date of September 27, 1989, petitioner sent a letter addressed to Judge Irene Scott which stated that on July 6, 1989, petitioner filed a motion for receivership in the State Chancery Court, First Division, Pulaski County, Arkansas. The letter further stated that the motion was granted, "a stay was entered," a receiver was appointed, and the I.R.S., an alleged creditor, was notified. It further stated that it appears that "your Little Rock, Ark. office did not notify the attorney or you of this action." The letter then stated "Since under Arkansas law

all matters concerning assets and debts are handled by the receiver, please address all correspondence to him with a copy to the taxpayer."

If this letter was intended by petitioner as a response to the order of the Court dated September 21, 1989, it is not in compliance with the order which required petitioner to inform the Court whether he had replied to respondent's request for admissions as directed by the Court. Therefore, this letter is not considered a reply to the order of the Court dated September 21, 1989, and in accordance with the Court's order of September 21, 1989, the statements set forth in respondent's request for admissions served on petitioner on April 25, 1989, and filed with the Court on April 28, 1989, are deemed admitted.

The facts deemed admitted show that on June 21, 1973, petitioner and Judy T. Kane filed a joint Federal income tax return for the calendar year 1972 with the Internal Revenue Service Center in Austin, Texas. The admissions show that on December 15, 1981, a notice of deficiency was mailed to petitioner and Mrs. Kane by certified mail and that on this date the statutory period for assessment under section 6501 had not expired as to petitioner's 1972 tax year. The admissions further show that petitioner claimed a loss from the Landmark partnership of $3,267.76 for the taxable year 1972, and that petitioner claimed a distributive loss in the amount of $5,552 from the partnership known as Delphi Associates for the taxable year 1972 based upon Delphi Associates' interest in a second partnership, Indianhead Terrace Associates. The request for admissions recites the correctness of each adjustment made by respondent to the income of Delphi Associates resulting in revision of Delphi's distributable income. The deemed admissions show that the $4,055.37 adjustment to the distributive loss claimed by petitioner from Delphi, Inc. and the $3,267.76 adjustment to the loss claimed by petitioner from Landmark Development Co. were both correct as set forth in the notice of deficiency upon which this case is based.

It is clear from the facts deemed admitted that petitioner understated his income tax on his return for the taxable year 1972 in the amount of $2,991.60, as determined by respondent in the notice of deficiency. Respondent in his

response to the order of the Court dated August 22, 1989, and request for sanctions, states that he admits that prior to the issuance of the notice of deficiency, petitioner had paid $1,852.97 in additional income tax for 1972 which had been assessed prior to the issuance of the notice of deficiency and that credit should have been given in the notice of deficiency for the payment made in February 1981 prior to the issuance of the notice of deficiency. Respondent further states that the correct deficiency to be determined for the year 1972 is the amount of $1,138.63, without taking into consideration the assessment under the provisions of I.R.C. section 6871 on October 19, 1982.

Clearly, from the admitted facts here, the determination of tax liability as contained in the notice of deficiency is correct. Respondent has now admitted the proper amount of payment of tax made in 1981 and there remains no issue to be adjudicated in this case. The only question that needs to be decided is whether the filing by petitioner of a receivership proceeding in an Arkansas Court operates as a stay to further action by this Court in this case. We conclude that it does not.

Section 6871(a) provides for the immediate assessment of any deficiency together with interest, additional amounts, and additions to the tax provided by law upon the appointment of a receiver for a taxpayer. Assessment in this case had been made at the time of petitioner's filing of a proceeding in bankruptcy. Section 6871(c) provides that claim for the deficiency, interest, additional amounts, and additions to tax may be presented, for adjudication in accordance with law, to the court before which the receivership proceeding is pending, despite the pendency of a case in this Court for the redetermination of the deficiency, but "in the case of a receivership proceeding, no petition for any such redetermination shall be filed with the Tax Court after the appointment of the receiver." Sec. 6871(c)(2). Here, the case was pending when the receiver was appointed and, therefore, section 6871(c)(2) is inapplicable. The provision in section 6871(c)(1) that a claim may be filed in the receivership proceeding, despite the pendency of a Tax Court case, is permissive and not mandatory.

Prior to the enactment of the Bankruptcy Act of 1978, which provided in 11 U.S.C. section 362(a)(8) for an automatic stay of other proceedings upon the filing of a petition in bankruptcy, this Court had consistently held that where a petition in bankruptcy was filed after a petition for redetermination of a tax had been filed in this Court, this Court had concurrent jurisdiction with the Bankruptcy Court to proceed to determine the merits of the tax liability. In *Fotochrome, Inc. v. Commissioner*, 57 T.C. 842 (1972), we set forth in detail the many cases in which this Court had held that it had concurrent jurisdiction with the bankruptcy court to redetermine a taxpayer's income tax liability in a case where a petition in this Court had been filed prior to the filing of a petition in bankruptcy. We pointed out that in cases of concurrent jurisdiction, the court which first reaches the case for trial may then proceed to a final determination and the doctrine of res judicata will apply to the result.

The 1978 Bankruptcy Act, at 11 U.S.C. section 362(a)(8) provides for a stay of other proceedings when a petition in bankruptcy is filed by a taxpayer, but also provides that the Bankruptcy Court may lift the stay and let the case proceed in this Court. In *Sandridge v. Commissioner*, T.C. Memo. 1980-152, we held that we were not prohibited from deciding a case without action by the Bankruptcy Court where a petition had been filed with this Court prior to the filing of a petition in bankruptcy and the petition in bankruptcy had been filed prior to the effective date (October 1, 1979) of the Bankruptcy Act of 1978, Pub.L. 95-598, 92 Stat. 2597. In that case, we pointed out that the petition in this Court had been filed October 23, 1978, and this Court acquired jurisdiction of the case at that time. On April 12, 1979, the taxpayer in that case was adjudicated a bankrupt. We held that even after October 1, 1979, we had, under the circumstances, concurrent jurisdiction to decide the merits of the case. We stated "The Bankruptcy Act of 1978, Pub. L. 95-598, 92 Stat. 2549, 11 U.S.C. sec. 362, now provides for an automatic stay of proceedings before the United States Tax Court when a bankruptcy action is filed by or against a taxpayer-petitioner * * * . *Sandridge v. Commissioner*, T.C. Memo. 1980-152, 40 T.C.M. 280, 281, 49

P-H Memo T.C. par. 80,152 at 80-743, 80-744. But the Act is effective only for those cases in which the bankruptcy petition is filed on or after October 1, 1979. In this connection, 11 U.S.C. section 402(a) states that "Except as otherwise provided in this Title, this Act shall take effect on October 1, 1979." In concluding that, under the circumstances, we had concurrent jurisdiction with the Bankruptcy Court over the case, we cited *Fotochrome, Inc. v. Commissioner,* 57 T.C. 842, 844-845 (1972).

There is no provision in the Internal Revenue Code, nor has any other provision of law been called to our attention or found by us, which provides for a stay of proceedings in this Court where a petition for receivership has been filed in a State court. For all the reasons given with respect to the concurrent jurisdiction remaining in this Court after the filing of a petition in bankruptcy prior to the enactment of the Bankruptcy Act of 1978, we conclude that in this case involving a state receivership we have jurisdiction to determine petitioner's tax liability.

Section 301.6871(b)(1), Proced. and Admin. Regs., provides that "If it is determined that a deficiency is due in respect of income * * * tax and the taxpayer has filed a petition with the Tax Court before * * * the appointment of a receiver, the * * * receiver * * * may upon his own motion be made a party to the Tax Court proceeding and thereafter may prosecute the appeal before the Tax Court as to that particular determination." This regulation provides that intervention in the case by the receiver is optional with the receiver. If the receiver in a State receivership proceeding requests to be made a party to the Tax Court case so that he may pursue the case before this Court, this Court will ordinarily grant his request to be made a party, unless valid reasons exist not to do so. In any event, we conclude that the initial action necessary to be made a party to the case is upon the receiver. This Court has had no request by the receiver appointed by the Arkansas State Court for Mr. Kane that he be made a party to this case.

Based on the facts here, we conclude that there is no material issue of fact since all such facts are covered by

respondent's request for admissions which are deemed admitted and that we have jurisdiction over this case.

We therefore dismiss the petition in this case and will enter an order for the reduced deficiency in accordance with respondent's motion.

*An appropriate order and decision will be entered.*