T.C. Memo. 2010-225

UNITED STATES TAX COURT

ALDEN J. AND NANCY E. APPLETON, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20965-09L.                    Filed October 18, 2010.

Alden J. and Nancy E. Appleton, pro sese.

Jeremy L. McPherson, for respondent.

MEMORANDUM OPINION

DEAN, Special Trial Judge:  This case is before the Court on
respondent's motion for summary judgment under Rule 121.  Unless
otherwise indicated, subsequent section references are to the
Internal Revenue Code, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

## Background

At the time the petition was filed, petitioners resided in California.

Petitioners filed their joint 1997 Federal income tax return in November 2000 reporting an unpaid tax liability. On August 14, 2001, Alden J. Appleton's (petitioner) assets were placed in receivership by a California State court.

On November 12, 2008, respondent sent petitioners a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320. Petitioners timely filed Form 12153, Request for a Collection Due Process or Equivalent Hearing, for their 1997 tax year, and participated in a telephone hearing with a settlement officer. Petitioners did not present collection alternatives, request innocent spouse relief, or otherwise challenge their underlying tax liability. Instead petitioners alleged that respondent lacked the authority to record a Federal tax lien while petitioner's assets were in a "receivership proceeding".

Respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, determining that the filing of the notice of Federal tax lien was appropriate. Petitioners timely filed a petition with this Court in response to respondent's notice of determination for the 1997 tax year.

## Discussion

### I. Summary Judgment Standard

Summary judgment serves to "expedite litigation and avoid unnecessary and expensive trials." Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Either party may move for summary judgment upon all or any part of the legal issues in controversy. Rule 121(a). Summary judgment may be granted only if there is no genuine issue of material fact. Naftel v. Commissioner, 85 T.C. 527, 529 (1985).

Petitioners object to respondent's motion for summary judgment, alleging respondent is proscribed from recording a Federal tax lien against petitioners because petitioner and his property are in the hands of a receiver.

### II. Receivership Proceedings

A court-appointed receiver takes property placed in receivership subject to the liens, equities, and rights of existing creditors. United States v. Bess, 357 U.S. 51, 57 (1958); Camerer v. Cal. Sav. & Commercial Bank of San Diego, 48 P.2d 39 (Cal. 1935); Cal. Natl. Bank of Sacramento v. El Dorado Lime & Minerals Co., 2 P.2d 785, 786 (Cal. 1931); H.D. Roosen Co. v. Pac. Radio Publg. Co., 11 P.2d 873, 876 (Cal. Ct. App. 1932); see also 75 C.J.S., Receivers, sec. 122 (2002). While a debtor's assets are in receivership, creditors are prohibited from taking any action that would interfere with a receiver's possession or

control of the assets, but creditors are permitted to take action that does not interfere with a receiver's possession or control of the receivership property. <u>Hart v. United States</u>, 207 F.2d 813 (8th Cir. 1953). Assets that are subject to the receivership are not subject to levy or any other enforced collection proceeding. <u>United States v. Allen</u>, 328 F.2d 377 (5th Cir. 1964).

Petitioners argue that respondent's act of recording a Federal tax lien is tantamount to collection and is effectively a levy on the receivership property. Petitioners state that "Respondent wrongly and mistakenly characterizes petitioner's argument as being confused and unaware of the functional distinctions between liens and levies." Petitioners continue: "Respondent confuses its duty to actually collect taxes pursuant to * * * 26 CFR 301.6903, 1(b) [sic] and 26 CFR 301.6871(a)-2(a)". "Petitioner argues that it is not reasonable that the government would be satisfied to merely have its obligations collateralized * * * when the path to actual collection occurs more quickly and is less speculative and is specifically prescribed by regulation that names respondent's 'Director' and prescribes the Director's duties where the taxpayer is the subject of a receivership." Petitioner surmises that "a lien is an affirmative attempt at a levying upon assets".

Petitioners' reasoning is premised on section 301.6871(a)-2, Proced. & Admin. Regs. Section 301.6871(a)-2(a), Proced. & Admin. Regs., provides that during a proceeding under the Bankruptcy Act or a receivership proceeding, generally the assets of the taxpayer are under the control of the court and the collection of taxes cannot be made by levying upon such assets. Petitioners find respondent's act of recording a Federal tax lien as tantamount to a levy because there is no other method through which respondent can collateralize his claim. Petitioners conclude that pursuant to section 301.6871(a)-2, Proced. & Admin. Regs., respondent is proscribed from recording a Federal tax lien against petitioner, who is in a receivership proceeding, because the lien is tantamount to a levy. Petitioners' reliance on section 6871 is misplaced. Section 6871 relates to the assessment and collection of <u>deficiencies</u>, not to the unpaid portion of tax reported on a return. Consequently, the Court discusses the difference between a lien and a levy as described under sections 6321 and 6331.

Petitioners' reasoning disregards the difference between a tax lien and a tax levy. A tax levy is an enforcement device that forces a debtor to relinquish his property and results in the Government's taking custody of the debtor's property. Elliott, Federal Tax Collections, Liens, and Levies, par. 9.05, at 9-12 (2d ed. 2008). The taxpayer's property and rights to

property are subject to "distraint and seizure by any means." Sec. 6331(b). For that reason, the Government's levying power is limited because it is an immediate seizure of assets that does not require judicial intervention. A lien, however, is merely a security interest that does not involve the seizure of property. See sec. 6321; United States v. Barbier, 896 F.2d 377, 379 (9th Cir. 1990). A lien enables the debtor to maintain possession of the property while allowing the Government to preserve its claim should the status of the property later change. See United States v. Barbier, supra at 379; Black's Law Dictionary 941 (8th ed. 2004).

As petitioners correctly note, a levy is not permitted on property that is in the hands of a receiver or that is subject to a receivership proceeding.[1] See sec. 301.6331-1(a)(3), Proced. & Admin. Regs. The Internal Revenue Code, however, does not so restrict the recording of a Federal tax lien against a taxpayer whose assets have been placed in receivership. See United States v. Barbier, supra at 379.

Respondent has not levied on petitioners' property and section 301.6871(a)-2, Proced. & Admin. Regs., does not require

---

[1]The Court notes that sec. 6871(c) provides that no petition for redetermination of a deficiency can be filed in this Court after the appointment of a receiver. See Kane v. Commissioner, 93 T.C. 782, 787 (1989); Levine v. Commissioner, T.C. Memo. 1987-564. However, the petition in this case was not filed in response to a notice of deficiency.

the Commissioner to levy on a taxpayer's property.  Rather, it provides the procedures for and restrictions on the Commissioner's collection activity for those taxpayers in a receivership proceeding.  The regulations proscribe levying on the assets of the taxpayer that are under the control of the court and provide that the collection of taxes cannot be made by levying upon such assets.  Respondent has recorded a Federal tax lien.  Petitioners' assertion that respondent's lien is speculative and that the regulations require him to collect the tax immediately is incorrect, and respondent is not statutorily so instructed.  Respondent may file a security interest to preserve his claim without forcing petitioners to relinquish their property.

Recording a Federal tax lien does not impair a receiver's right to control and access to the property that is the subject of the receivership.  Respondent is not now prevented from protecting his interests by recording a Federal tax lien against petitioner, whose assets have been placed in receivership.  This procedure protects the future interests of the Government, if and when the property is released from the receivership proceeding.

Because there remain no genuine issues of material fact for trial, respondent is entitled to summary judgment as a matter of law.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.